IN THE

# SUPREME COURT

OF

# OREGON.

Argued March 11, affirmed April 8, 1924.

## A. L. VEAZIE, JOHN McCOURT AND J. C. VEAZIE v. COLUMBIA & NEHALEM RIVER R. R. CO.

(224 Pac. 1094.)

**New Trial—Misconduct of Juror Held Prejudicial.**

1. The remark of a juror during the final argument of plaintiff's counsel that the witnesses for plaintiff, whose testimony counsel was discussing, were so crooked that they could not lie straight in bed, and asking counsel not to talk about them, *held* highly prejudicial.

**Jury—Court Inhibited from Weighing Contradictory Testimony upon Which Jury may Find Verdict.**

2. Constitution, Article VII, Section 3-c, only affects the right of a court to re-examine the facts in a case, and inhibits it from weighing contradictory testimony in a case where there is any substantial testimony upon which a jury may find a verdict.

**New Trial—Generally Objections to Misconduct of Jurors must be Made Immediately upon Coming to Knowledge of Counsel.**

3. The general rule is that objections to misconduct of jurors under Section 174, subdivision 2, Or. L., must be made as soon as it comes to the knowledge of counsel and that counsel will not be allowed to remain silent and speculate upon the results of a verdict.

**New Trial—New Trial for Misconduct of Juror Held Proper Notwithstanding Failure to Seasonably Object or Move to Discharge Jury.**

4. Where the prejudicial remarks of a juror occurred just before the close of the address of plaintiff's counsel, and in a situation where an objection would have been unavailing for any

purpose, an order granting a new trial under Section 174, subdivision 2, Or. L., was proper notwithstanding the failure of counsel to move to have the jury discharged or to seasonably object to the misconduct.

**New Trial—Granting or Refusing on Other Than Constitutional Grounds Largely Discretionary.**

5. The granting or refusing of a motion for new trial on grounds other than those mentioned in Constitution, Article VII, Section 3-c, while not technically a matter wholly of discretion, it is largely so.

From Multnomah: J. P. KAVANAUGH, Judge.

Department 2.

This is an appeal from an order of the Circuit Court allowing plaintiffs a new trial in an action brought by them to recover attorneys' fees. The complaint alleged that $20,000 was the reasonable value of the services rendered and the defendant admitted an indebtedness in the sum of $2,500 and tendered that sum to the plaintiffs. The facts upon which the new trial was granted are concisely stated in a memorandum made by the trial judge, which we here reproduce:

"The plaintiffs have moved for a new trial on the ground of alleged misconduct of a juror and on account of certain rulings of the court and its refusal to give certain proposed instructions to the jury. Juror Warner [Wagner] had asked several questions and interrupted counsel several times during the trial. During an interval in the course of the trial he asked defendant's counsel that certain evidence be produced. This incident was promptly and properly reported to the court and to opposing counsel. The evidence requested was inadmissible and the incident was permitted to pass without comment. During the final argument by plaintiffs' counsel and while he was discussing the evidence of one of the witnesses for plaintiffs, the same juror raised his hand in a deprecating manner and said in effect, 'Don't talk to me about M. M. and L. (plaintiffs' witnesses). [They] are so

crooked they could not lie straight in bed.' My at-
tention was momentarily diverted and I did not
clearly understand the remark of the juror, but it was
evidently clearly understood by the other jurors.
Counsel for plaintiffs did not move to have the jury
discharged. Counsel was visibly surprised and em-
barrassed by these remarks, and after a brief hesi-
tation proceeded with the argument. He was placed
in a difficult situation, where he had to decide
promptly. The jury returned a verdict for plaintiffs
in the amount that had been tendered to them before
trial. There was an instruction that a verdict would
have to be returned in that amount at least.

"Every suitor is entitled to have his cause sub-
mitted to a fair and impartial jury for decision. Re-
marks of this juror were reprehensible in the extreme
and clearly indicate that he did not appreciate the
serious duty imposed upon him by his oath. Before
the cause was submitted he announced his conviction,
at a public hearing, concerning the character of two
witnesses, whose character was not otherwise im-
peached by the evidence. He attempted to testify as
a juror that these witnesses were not worthy of belief
and that he would not consider their evidence. A juror
should not be permitted to flout the testimony at a
public hearing and declare that witnesses are so
crooked that they could not lie straight in bed. He
said that counsel should not talk to him about these
witnesses. That means by plainest implication that
he would not consider their evidence. It is also an
open declaration that they were crooked witnesses.
If this outburst had been understood by the court, it
would have been its duty, in my opinion, to have dis-
missed the jury. That would have meant a new trial
of the cause.

"I am persuaded that plaintiffs did not have that
fair and impartial trial contemplated by the law, and
that the effect of this remark was such as to preju-
dice the testimony of these witnesses with the other
jurors. It is, however, not necessary for the court
to speculate upon the probable effect of these re-

marks. They are entitled to a fair consideration upon the part of the entire jury, and a consideration of all the evidence introduced. A juror who makes an open declaration of his feelings while the cause is in progress cannot be expected to change his view after he goes into deliberation. It is human nature that one will be more inclined to cling to his expressed open declarations than that he will be persuaded by any statement by other persons.

"It only remains to consider whether advantage should have been taken of this remark at the time by counsel moving to dismiss the jury or requesting the court to instruct the jury in reference to the outburst by this juror. I am of the impression that my instruction would have been unavailing, so far as this juror was concerned. If he were rebuked, it would probably only harden his mind on the question. There are expressions by the supreme court of this state to the effect that objections to rulings and proceedings should be taken at the time, and that the parties should not speculate upon a favorable verdict. The occasions which gave rise to these expressions seem to be different from the one under consideration, and several later pronouncements by the same court indicate that the court should grant a new trial whenever in its sound judgment it was satisfied that the party aggrieved did not receive a fair trial. I am drawn to that conclusion in this case. I do not think that the plaintiffs in this cause received a fair and impartial trial, and for that reason a new trial will be ordered."

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Beckett & Howell* and *Mr. E. K. Oppenheimer,* with an oral argument by *Mr. H. B. Beckett.*

For respondents there was a brief over the name of *Messrs. Wilson & Guthrie,* with an oral argument by *Mr. James G. Wilson.*

McBRIDE, C. J.—1. There can be little doubt that the conduct of the juror Wagner, as shown by this memorandum, which is borne out by the record in every respect, was highly prejudicial, and that he was wholly unfit to be a juror in this cause; and that plaintiffs would have been in a better position as regards a recovery had any one of defendant's attorneys been upon the jury instead of the juror alluded to, because in that case their high sense of propriety would at least have caused them to deal fairly, whereas with Wagner on the jury the defendant evidently had the advantage of having a vicious and ignorant advocate in the jury box.

2. Section 3–c of Article VII of our Constitution only affects the right of a court to re-examine the facts in a case and inhibits it from weighing contradictory testimony in a case where there is any substantial testimony upon which a jury may find a verdict. The statutory causes for a new trial are as follows:

"Sec. 174. [Or. L.] A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion, by which said party was prevented from having a fair trial;

"2. Misconduct of the jury or prevailing party;

"3. Accident or surprise which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law;

"7. Error in law occurring at the trial, and excepted to by the party making the application."

3. As to causes therein numbered 1, 2, 3, 4 and 6, the amendment has made no change, and as to them courts still have the same power that they had at common law. The general rule is, as stated by counsel for appellant here, that objections to the conduct of jurors must be made as soon as they come to the knowledge of counsel, and that counsel will not be allowed to be silent and speculate upon the result of a verdict; but the decisions thus holding may all be referred to the conditions under which the misconduct arose, and the opportunity to make seasonable objection..

4. As well remarked by the trial judge, the last "outburst" of the juror Wagner occurred just before the close of the address of plaintiffs' counsel and in a situation where an objection would have been unavailing for any purpose, and even if the court had discharged the jury and granted a new trial at that stage of the proceedings no expense would have been prevented and no greater prejudice to the rights of any party would have resulted than would occur by granting a new trial later. In fact, the position of the parties would not have changed in any way from that in which they now find themselves. A reprimand to the juror would have amounted to nothing and would have made him more obstinate in his course and intensified his prejudice against the party making the objection.

The object of the law is to give every man a fair trial before an impartial jury and this would have been defeated in the present instance if the court had

allowed a verdict to stand which it is evident might have been influenced by the prejudice excited by the juror's remarks; and as to the juror himself, it is evident that his mind was not in a condition to weigh calmly and fairly the testimony, but, on the contrary, he was surcharged with prejudice against the plaintiffs and their witnesses and in a position where he could make that prejudice effective as to other jurors.

5. While the granting or refusing of a new trial for other reasons than those mentioned in Section 3–c, Article VII, *supra*, is not technically a matter wholly of discretion, yet it is largely so, and we are not disposed to interfere with the discretion that the court exercised, and we think justly, in this case.

The order granting a new trial is affirmed.

.    AFFIRMED.

BEAN, BROWN and RAND, JJ., concur.

McCOURT, J., not sitting.