Argued January 12; reversed January 26; rehearing denied
March 15, 1932

## STATE *v.* BOSCH

(7 P. (2d) 554)

*Guy O. Smith,* of Salem, for appellant.
*C. W. Barrick,* of Tillamook, for the State.

CAMPBELL, J. Defendant was tried and convicted in Tillamook county on an indictment charging him with the violation of section 14-335 of Oregon Code 1930 by making a false financial statement for the purpose of securing credit and the extension of credit

from the Tillamook National Bank. He was sentenced to the county jail for a term of one year and to pay a fine of $1,000. Defendant appeals.

There was no question raised as to the sufficiency of the indictment. On May 6, 1929, defendant was indebted in a sum exceeding $5,000 to the Tillamook National Bank. On that day, at a meeting in the bank with its president and cashier, he furnished the bank with a financial statement of the property he owned and its value and the incumbrances on the same. In this statement, it is alleged, was included a parcel of real estate near Brooks, in Marion county, that on that date stood in the name of and was owned by, his wife. The evidence shows that on that date his indebtedness to the bank was reduced to some extent by a note for $1,500 signed by his wife, which was afterwards paid by her. There still remained owing by defendant to the bank $4,500, which would be due June 14, 1929, and $682 which was past due. The past-due obligation was converted into a note payable on demand and dated 5/6/1929. Later when the $4,500 note became due, it was also converted into a demand note.

The legislature at its 1921 session enacted what is known as chapter 62 of Session Laws of 1921, being "An Act relating to false statement in writing to obtain credit and providing a penalty therefor"; and provides as follows:

"Section 1. Any person who shall knowingly make * * * any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself * * * for the purpose of procuring in any form whatsoever, * * * the making of a loan or credit, the extension of a credit, * * * shall be guilty of a misdemeanor and punishable by imprisonment in the county jail

for not more than one year or by a fine of not more than $1,000, or both fine and imprisonment.'' Oregon Code 1930, § 14-335.

''Section 2. Any person who, knowing that a false statement in writing has been made, respecting the financial condition or means, or ability to pay, of himself, or such person, firm or corporation in which he is interested, or for whom he is acting, procures, upon the faith thereof, for the benefit either of himself, or of such person, firm or corporation, either or any of the things of benefit mentioned in section 1 of this act, shall be guilty of a misdemeanor and punishable by imprisonment in the county jail for not more than one year or by a fine of not more than $1,000, or both fine and imprisonment.'' Oregon Code 1930, § 14-336.

Section 3 of the act makes it a misdemeanor for any person to make, in writing, a false statement to the effect that any former statement so made was and still is a correct statement, for the purpose of procuring credit or other benefits, and such person would be punishable in the same manner as in the other sections provided: Oregon Code 1930, § 14-337.

■ The case was tried and submitted to the jury on the theory that the indictment charged a violation of section 14-336 of the code; that is, that the defendant actually procured the benefit of an extension of credit by reason of the false statement, rather than the actual charge in the indictment of a purpose to procure an extension of a credit. The introduction in evidence by the state, even without objection, of the demand notes that were executed by defendant on May 6, 1929, the time the alleged false statement was made for the purpose of procuring an extension of a credit, was prejudicial. The demand notes might be some evidence of an intention to procure a loan but would not be competent evidence to show a purpose to secure an

extension of credit. The jury could not draw the inference that defendant sought to procure an extension of a credit from the fact that he did not get it.

■ Neither was it competent for the prosecuting witness to attempt to prove by oral evidence that the bank promised forbearance on the demand notes: Oregon Code 1930, § 9-212. Had the bank brought suit immediately upon the execution of the demand notes, defendant could not defend on the ground that there was an oral agreement of extension. The bank at all times, in respect to the indebtedness of defendant, remained in the same position. It suffered no detriment by reason of the execution of the demand notes, the defendant received no benefit therefrom. The notes were not evidence of a purpose to procure an extension of a credit and should not have been admitted in evidence. To quote the opinion of the learned trial judge:

"An instrument payable 'on demand' taken as evidence of a previously existing indebtedness pursuant to an agreement to extend the time of payment, is not an extension of credit within the meaning of the law. The rule is well established that the terms 'on demand' or 'at sight' are construed as not meaning a term of credit, because an unanswerable question would be raised as to the period of that credit, and therefore, negotiable instruments payable 'on demand' become immediately due and no demand other than the commencement of an action need be made: 8 C. J. 406 and authorities following note 83: 18 C. J. under head of 'Demand Note' and note 85."

■ Again to quote from the learned trial judge:

"It is a firmly established principle in this state that where reversible error is committed on the trial it is the duty of the court to grant a new trial, and this is true, even when prejudicial evidence is admitted without objection, or where the court has submitted

the cause to the jury on wrong legal principles, without exceptions thereto by either party, on the hypothesis that a correct judgment cannot be obtained upon improper evidence or incorrect principles of law; *Archambeau v. Edmunson,* 87 Or. 476 (171 P. 186); *Duniway v. Hadley,* 91 Or. 343 (178 P. 942); *Bottig v. Polsky,* 101 Or. 530 (201 P. 188); *Veazie v. Columbia etc.,* 111 Or. 1 (224 P. 1094); *Obermeier v. Mortgage Co.,* 111 Or. 14 (224 P. 1089); *Southern Oregon Co. v. Kight,* 112 Or. 66 (228 P. 132, 832).''

We fully concur in the above principles of law.

Prejudicial error having been permitted to enter into the case, it follows that the judgment must be reversed and the cause remanded. It is so ordered.

BEAN, C. J., BROWN and BELT, JJ., concur.