Argued March 16; affirmed April 10, 1934

## SEIPP *v.* HOWELLS ET AL.

(31 P. (2d) 188)

*Guy L. Wallace,* of Portland (Carl E. Sox, of Albany, and Roscoe P. Hurst, of Portland, on the brief), for appellant.

*Mark Weatherford,* of Albany (Senn & Recken, of Portland, on the brief), for respondent.

RAND, C. J. This was an action to recover damages for an alleged negligent, surgical operation performed by defendants upon the body of the plaintiff and defendants' subsequent negligence in the treatment thereof. The cause was tried to a jury which returned a verdict in favor of the defendant Baylor but against the defendant Howells in the sum of $5,320, and a judgment was entered upon the verdict. On

motion of the defendant Howells, the judgment was set aside and a new trial was granted, and plaintiff has appealed.

The grounds for the motion and upon which the court acted were two sets of instructions given on the trial of the cause which were entirely inconsistent with each other and as to which the defendant had excepted. The instructions complained of were as follows:

"You are instructed that if you find from a preponderance of the evidence in this case that the defendants carelessly and negligently used unclean and unsterile instruments and appliances in the performance of the operation upon plaintiff and that by reason thereof defendants permitted the wound and incision in plaintiff's abdomen to become infected, your verdict should be for the plaintiff."

"I instruct you there is no evidence in this case that defendants carelessly, negligently and wrongfully used unclean and unsterile instruments and appliances upon plaintiff's body, and I further instruct you to disregard this claim and charge in your deliberations."

"You are instructed that if you find from a preponderance of the evidence in this case the defendants carelessly and negligently used upon plaintiff's body an appliance known as a Quartz light in a manner contrary to the usually and accepted practice in this community and that by reason thereof plaintiff's body was burned, then your verdict should be for the plaintiff and you should assess his damage in such an amount as would compensate plaintiff for the pain, agony and inconvenience, if any, suffered by him."

"I instruct you there is no evidence in this case that the wound in plaintiff's body became infected or that the Quartz lamp was an improper appliance and you will therefore disregard this in your deliberations."

There is nothing in the record before us to show the order in which these inconsistent and contrary instructions were given and, since none of them contain

any reference to any of the others, it is manifest that none of them were withdrawn from the consideration of the jury and, hence, there were two inconsistent and contrary directions in respect to at least two of the essential issues in the case, which were bound to mislead and confuse the jury.

The particular negligence charged in the complaint and denied by the answer was: (1) Defendants' failure to diagnose correctly plaintiff's ailment; (2) the performance of an unnecessary operation upon plaintiff's body; (3) the negligent use of unclean and unsterile instruments; (4) the negligent permitting of the wound to become infected; and (5) the negligent use of a Quartz light causing plaintiff's body to be burned. In respect to at least two of these essential elements which it was necessary for plaintiff to prove to establish liability, the court gave contradictory instructions, and this was reversible error as held in *Smith v. Laflar,* 143 Or. 65 (20 P. (2d) 391). That the court having committed a reversible error had inherent power to grant a new trial, whether done on its own motion or on motion of the party aggrieved, and that it was its duty to do so, is clearly established by *King v. Ditto,* 142 Or. 207 (19 P. (2d) 1100); *Timmins v. Hale,* 122 Or. 24 (256 P. 770); and *Obermeier v. Mortgage Co.,* 111 Or. 14 (224 P. 1089).

For these reasons, the granting of a new trial was proper. The judgment, therefore, is affirmed.

CAMPBELL, BEAN and BAILEY, JJ., concur.