Argued December 19, 1935; affirmed January 14, 1936

## ERVEN *v.* EAGY ET AL.

(53 P. (2d) 53)

*James Arthur Powers,* of Portland (Philip A. Joss, of Portland, and Lester G. Oehler, of Corvallis, on the brief), for appellants.

*Mark V. Weatherford,* of Albany, and *Melvin Goode,* of Salem (Fred McHenry and Walter T. Durgan, both of Corvallis, on the brief), for respondent.

CAMPBELL, C. J. This is an action for personal injuries.

It is alleged, in effect, that defendant, the Northern Security Company, at the time of the accident, was the owner of a store building on Third street in Corvallis, Oregon; that the sidewalk in front of said building was constructed and maintained in a negligent manner in that it was built with a very smooth surface and on too great a slope from the building towards the street, especially that part of it immediately in front of the doorway.

The defendant Grant Eagy is the manager of a general grocery store, owned and operated by defendant Safeway Stores, Incorporated, in said building, under lease from defendant Northern Security Company; that defendants, Grant Eagy and Safeway Stores, Incorporated, were negligent in that they maintained said sidewalk in front of the store in a wet and slippery condition; that this condition was caused by the washing from the front windows of the said store, with soapy water, a certain substance, which, when wet, became slippery, and allowing said water and other slippery substances to run across and remain upon said sidewalk, thus rendering it dangerous to pedestrians using the same, and that such was its condition at the time plaintiff sustained her injuries; that plaintiff, on the evening of November 28, 1934, while carefully walking upon said sidewalk, by reason of its slippery and dangerous condition, slipped and fell sustaining the injuries of which she complains.

Defendants, Safeway Stores, Incorporated, and Grant Eagy, in their answer, denied the alleged negligent acts and that plaintiff sustained injury, and, for a further answer, alleged facts tending to show, that plaintiff, if she did sustain any injuries, was guilty

of contributory negligence by not using her senses and failing to observe where she was walking or the condition of the sidewalk which was plain and obvious.

Plaintiff denied the new matter in defendant's answer.

The defendant Northern Security Company was not served and did not appear in the action.

The case was tried to a jury and resulted in a verdict and judgment for defendants, Safeway Stores, Incorporated, and Grant Eagy.

Plaintiff moved for a new trial on the ground of errors at law occurring at the trial and excepted to by plaintiff. This motion was granted. Defendants, Safeway Stores, Incorporated, and Grant Eagy, appeal.

When the argument of counsel to the jury was completed, the court instructed the jury. To the instructions so given, no exceptions, material to any question presented herein, were taken. The jury, having retired and deliberated for some time, returned to the court room and requested further instruction at which time the following colloquy between the court and the jurors took place:

"THE COURT: Mrs. Averill and gentlemen, have you been able to arrive at a verdict or do you wish to have some further instruction?

A JUROR: We have, at the present time, arrived at no verdict. We were a little different of opinion as to the instruction of the Judge in regard to considering the construction of the sidewalk, whether we were entirely to disregard the construction of the sidewalk or whether just in regards to the defendant—if the defendant, or if—this lady, we felt—I am mixed up here. If the fall was due, or contributed to by the sloping in this sidewalk are we to entirely disregard that or was it our instructions—our instructions were to— let's see.

THE COURT: Do you mean to base your verdict entirely upon the question of negligence charged in the complaint as to the substance that was on the walk?

THE JUROR: The thing of it is, are we to disregard the sidewalk altogether and find that the fault is due to the foreign substance that is claimed to have been on the sidewalk or should we consider that the fall was due to the slope? Can we consider the slope?

THE COURT: On that question I would say to you this: *That the matter of the slope of the sidewalk may be taken into consideration by you to this extent that you will consider the question of negligence set forth in the complaint as it bears upon the conditions that existed on the day. I meant to tell you in the instructions that you could not charge the answering defendants here with negligence on account of the construction of the sidewalk, but you are to consider the charge of negligence and evidence in regard to that in relation to the conditions as they existed there at that place on that date. I don't know whether that answers your question or not. Of course, I can not determine the facts for you, but if you find that the accident was due partially to the slope of the sidewalk but that it would not have happened but for the negligence on the part of the Safeway Stores, Incorporated, and its manager in the particulars alleged in the complaint, then it would be your duty to return your verdict in favor of the plaintiff for such sum as you felt that she was entitled to have.*

MRS. AVERILL: *Your Honor, some of us seem to think that the matter of the slope could not be mentioned at all and some of us feel that these people who think that we should not mention the slope think that we should consider that the sidewalk might be perfectly smooth and that the slope had no contributing influence towards this fall. Some of us thought your instructions to us was that we must disregard whether there was any slope there at all. Some of the rest of us feel that we should consider the slope, but we can not hold it against the defendants. We can not hold them responsible for the slope being there.*

THE COURT: *I think that is substantially right. You can not hold these defendants responsible for the slope being there. But you must consider the charge made in the complaint and the evidence in relation to that in the light of the conditions of the sidewalk as it existed on that day.*

MRS. AVERILL: *We could consider that it might be a contributing influence.*

THE COURT: *You can consider that. Does that answer the question?* [Italics supplied.]

MRS. AVERILL: That straightens it up for me. I don't know about the others."

To these instructions, respondent duly excepted.

It would appear as if the instructions to the jury given by the court, before they retired, on the question of the liability of the appellants and their codefendant, were satisfactory to the parties litigant and no exceptions that may have been taken to them are presented to this court.

■ The instructions given by the court to the jury when they returned were, to say the least, misleading, confusing and somewhat contradictory and inconsistent.

■■ It is difficult to determine just what the court intended to convey to the jury. At one time he tells them that they are not to consider the grade or slope as binding upon these appellants. The next minute he tells them that they might consider it as a contributing influence to the accident. Plaintiff was entitled to an instruction that these appellants, knowing the grade and the manner of construction of the sidewalk immediately in front of the entrance to the store, were obliged to exercise such care as an ordinary, careful, prudent person would exercise in not creating a hazard or adding to the danger of pedestrians who might use

the sidewalk, by placing thereon, or, if so placed, in not removing therefrom, any matter that would cause a slippery or dangerous condition. No such instruction was given to the jury. The court, in the atmosphere of the trial, would better appreciate the effect his instructions were having on the jurors than we can determine from reading the record. The court's action in granting a new trial was not based entirely on a pure question of law; it was based on inconsistent and contradictory instructions: *Seipp v. Howells et al.*, 146 Or. 637 (31 P. (2d) 188), and cases cited therein. Under these circumstances, it was largely within the discretion of the trial court: *Veazie v. Columbia & R. R. Company*, 111 Or. 1 (224 P. 1094); *Henry v. Postal Telegraph Company*, 100 Or. 179 (197 P. 258); *Goldfoot v. Lofgren*, 135 Or. 533 (296 P. 843); *Shain v. Meier & Frank Company*, 140 Or. 518 (13 P. (2d) 360).

The order setting aside the judgment and granting a new trial will be affirmed. It is so ordered.

BELT, ROSSMAN and BAILEY, JJ., concur.