145 So.2d 110 (1962)
Mrs. Ruby DAVIS, wife of Wylie T. NORMAND, and Wylie T. Normand
v.
Anthony PIAZZA and Emmco Insurance Company.
No. 21526.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
*111 Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for defendants-appellants.
Joseph Rosenberg, New Orleans, for plaintiffs-appellees.
Before AYRES, DAWKINS and HARWELL, JJ.
H. W. AYRES, Judge.
This is an action in tort arising out of a motor vehicle collision on September 22, 1958, at the intersection of Banks and Murat Streets in the City of New Orleans. Involved were the 1939 model Plymouth automobile of plaintiff, Wylie T. Normand, who, accompanied by his wife as a guest passenger, was proceeding on Banks Street toward the river, and a 1958 Ford pickup truck of Anthony Piazza, who was proceeding uptown on Murat Street.
Murat is a single, two-lane street, whereas Banks Street is a double-lane, two-way thoroughfare with a central neutral ground. A stop sign at the intersection controls traffic entering Banks Street from Murat Street.
Plaintiffs are Normand, who seeks to recover property damage to his automobile, and Mrs. Normand, who seeks to recover damages for personal injuries allegedly sustained when the aforesaid vehicles collided in the intersection. Piazza is the only remaining defendant inasmuch as the alleged insurer had no coverage on the Piazza vehicle. Piazza, however, reconvened, claiming damages for personal injuries allegedly *112 sustained by him in the accident, as well as property damage sustained to his truck.
Negligence charged to the defendant consists of his failure to maintain a proper lookout, or to stop before entering the intersection in obedience to a stop sign, or to accord plaintiff a preferred right of way through the intersection, which he had already allegedly pre-empted, and of operating his vehicle without brakes. After denying any negligence on his part, defendant Piazza charged plaintiff Normand with negligence constituting a proximate cause, or, in the alternative, a contributing cause of the accident, in operating his car at night without lights, in failing to maintain a proper lookout, or to keep his vehicle under control, or to yield defendant the right of way, or to take action to avoid the accident. Mrs. Normand was charged with contributory negligence in riding in an automobile at night without lights.
The trial court found that plaintiff Normand, at the time of the accident, at night, was operating his automobile without lights and that he was, accordingly, guilty of negligence constituting a proximate cause of the accident. The defendant was also found guilty of negligence constituting a contributing factor in the occurrence of the accident, in his failure to keep a proper lookout, and to obey the stop sign before proceeding into the intersection. Mrs. Normand was exonerated of the charge of contributory negligence. Plaintiff Normand's demands and the reconventional demands of defendant were, therefore, rejected. However, Mrs. Normand was awarded damages in the sum of $350. A judgment was accordingly rendered and signed, from which all parties appealed.
From our review of the record, we are in agreement with the findings of the trial court that both Normand and Piazza, the drivers of the colliding vehicles, were guilty of negligence constituting proximate causes of the accident. The great preponderance of the evidence, despite the contrary contentions of Mr. and Mrs. Normand, is to the effect that the Normand vehicle was without lights. The evidence establishes there were no bulbs in the light sockets; that the sockets contained dirt (once mud which had hardened). The vehicle was, therefore, not equipped with headlights as required by the Highway Regulatory Act. LSA-R.S. 32:291, 32:301.
Moreover, the operation of such a vehicle in the nighttime is unlawful. LSA-R.S. 32:290. However, independent of any law, it is the grossest kind of negligence to drive an automobile along a public street or thoroughfare at night without lights and, particularly, over such a street in the City of New Orleans. Sloan v. Gulf Refining Co. of Louisiana, La.App. 2d Cir., 1924, 139 So. 26; Thomas v. Thomas, La.App. 2d Cir., 1934, 155 So. 67; Lannes v. Escousse, La.App.Orleans, 1938, 179 So. 106.
Nor do we find manifest error in the conclusion of the lower court that defendant was also guilty of negligence constituting a contributing factor or cause of the accident. The evidence is clear that he ran a stop sign and failed to accord traffic on the favored street its superior right of way. Nor is there any question as to his failure to maintain a proper lookout, for he admits that he never saw plaintiff's vehicle until the moment of the impact. Defendant had crossed two traffic lanes and the neutral ground when the accident occurred. Having negotiated the intersection that far, with the exercise of the slightest precaution, the evidence leaves no doubt but that defendant could have and should have seen plaintiff's vehicle, even without its headlights. The demands of both drivers were, in our opinion, correctly rejected.
The question of Mrs. Normand's contributory negligence is not so easily or readily resolved. The trial court concluded that the defendant, on whom the burden rested, had not established facts warranting such a conclusion. In this regard, the court stated:
"There is no evidence as to the time and place when the journey by the husband *113 and wife began, or where they were going. If the wife started the journey with her husband in the dark knowing the car had no lights, she would be guilty of contributory negligence and assumption of risk, but if she started out with him in daylight with a short distance to go, and believing that they would reach destination before dark, she would not be contributorily negligent if, before the journey's end darkness overtook them since she would then be helpless to do anything about it."
Rather, we would inquire, before holding plaintiff guilty of contributory negligence, as to whether the danger was patent or obvious, or could have been discovered by the exercise of the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances.
Contributory negligence may be defined as a want of ordinary care on the part of a person injured by the negligence of another directly contributing to the injury as a proximate cause thereof without which the injury would not have occurred, or as an act or omission of the injured person which caused or contributed to cause the injury and which was not such as would have been done or committed by a person exercising ordinary prudence. The doctrine of contributory negligence rests in the law of torts as applied to negligence and is founded on the principle that no one is ever absolved from exercising reasonable and ordinary care for his own safety. 65 C.J.S. Negligence § 116, p. 706 et seq.
"Ordinary care" is a relative term, and its meaning is accordingly dependent upon the facts and circumstances of each particular case, which are to be taken into account in determining whether an injured person exercised ordinary care to avoid the injury complained of. Personal knowledge, actual or imputed, of the danger, is a matter for proper consideration in determining whether one used due care.
Moreover, in the absence of knowledge of the danger or a threat of danger, a person may rely upon the care of others who are duty bound to avoid injury to him, and, thus, he may assume that he is not exposed to nor threatened by danger which can come to him only from a breach of duty which others owe to avoid injury to him however such duty arises, whether by statute, or from contract, or from the relationship of the parties. 65 C.J.S. Negligence § 118, p. 711 et seq. For instance, it may be assumed that merchants will maintain their establishments in a condition which will render it unnecessary for customers to be constantly on the alert for their safety. Ransom v. Kreeger Store, La.App.Orleans, 1935, 158 So. 600.
Therefore, in the instant case, consistent with the aforesaid principles, where it is not shown that Mrs. Normand knew the headlights were out, she, as the wife of the driver, had a right, it seems to us, to rely upon him as to the safety of his operation and as to the mechanical condition of the car. Such reliance of a wife upon her husband would not, under the circumstances presented here, constitute a failure to exercise ordinary care.
Lastly for consideration is the question of an adequate award for the injuries sustained by Mrs. Normand. Differences of opinion, as often occur between the parties litigant, exist here. Neither, however, points out any basis for a change in the award. The finding of the trial court was that Mrs. Normand sustained "a contusion in the ulnar area," for which she received "treatment at the hospital" and experienced an "alleged incapacity for ten days." An award of $350 was held ample. The record discloses no basis for a finding of manifest error.
The judgment appealed is, therefore, affirmed at defendant-appellant's cost.
Affirmed.