Argued December 4, 1970, reversed with instructions
January 13, 1971

BEVENS, *Respondent, v.* BECKER, *Appellant.*

479 P2d 236

*Edward L. Clark, Jr.,* Salem, argued the cause for

appellant. On the brief were Norma Paulus and Clark and Marsh, Salem.

*Bruce W. Williams,* Salem, argued the cause for respondent. With him on the brief were Williams, Skopil, Miller, Beck & Wyllie, Salem.

Before O'Connell, Chief Justice, and Denecke, Tongue and Bryson, Justices.

DENECKE, J.

This is an action for personal injuries allegedly received in an automobile accident between the parties. The accident occurred when defendant, while traveling on a one-way street, attempted a left turn from a wrong lane and struck the vehicle plaintiff was driving, which was traveling on defendant's left.

The trial judge directed the jury to find the defendant negligent, but submitted the question of contributory negligence to the jury. The jury returned a verdict for the defendant. The trial court subsequently granted plaintiff's motion for new trial. Defendant appeals.

The motion for new trial was granted more than 30 days after the filing of the judgment and, therefore, could not have been granted on the court's own motion. ORS 17.630. When a new trial is granted on the motion of a party the court is limited to grounds specified in the motion. ORS 17.620. *Johnson v. Field,* 253 Or 654, 456 P2d 483 (1969).

The grounds of the motion for a new trial were that the trial court erred in submitting the issue of contributory negligence to the jury. The charges of contributory negligence were lookout, control and fail-

ure to heed defendant's left turn signal. Plaintiff contends there was no evidence of any of these charges.

■ The facts as the jury could find them most favorable to the defendant are as follows: The defendant was driving south in the left lane of a two-lane, one-way street. The road changed to a four-lane road and the defendant continued in the same lane, which was now the third lane from the left, for one block before reaching the intersection at which the accident occurred. The plaintiff had been traveling some place to the rear of defendant. After they came onto the four-lane street, he went into the lane left of defendant. About a block before the collision, defendant put on her left turn blinking signal. She slowed to 10 to 15 miles per hour. Just before an intersection, the defendant turned left and the left front of her vehicle hit the plaintiff's right door. Before making her turn the defendant appeared to be confused and looking for a street on her left into which to make a turn. The jury could have found from the evidence that plaintiff overtook defendant's car on the left at some point in the block before the intersection of the accident and while defendant's turn signal was blinking.

We conclude that upon these facts reasonable men could differ whether or not plaintiff was exercising reasonable control, keeping an adequate lookout, and paying sufficient heed to defendant's left turn signal. For this reason we hold the trial court committed no error in submitting the issue of contributory negligence to the jury and the new trial should not have been granted.

Reversed with instructions to reinstate the verdict for the defendant.