Argued and submitted March 31, affirmed June 12, 1975

BEGLAU, *Respondent, v.* ALBERTUS, *Appellant.*

536 P2d 1251

*James C. Goode,* Albany, argued the cause for appellant. With him on the briefs were Goode, Goode, Decker & Hinson, P.C., Albany.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, and Donald Atchison, Portland.

TONGUE, J.

This is an action for damages for personal injuries sustained when plaintiff's car collided with defendant's Caterpillar tractor as the tractor was crossing a highway. The case was tried before a jury, which returned a verdict in favor of defendant, finding as a matter of comparative negligence that defendant's negligence was less than plaintiff's contributory negligence. Plaintiff then moved for a new trial, based primarily upon the failure of the court to instruct the jury relating to statutory requirements for headlights on defendant's tractor. The trial court granted the motion for a new trial. Defendant appeals. We affirm.

*The facts.*

On November 18, 1972, at about 5 p.m., plaintiff, with four passengers, was proceeding south from Coos Bay on Highway 101, at a speed variously estimated at between 40 and 70 miles per hour. According to the

testimony, dusk was approaching and at least some cars on the highway had their lights on, although there was still enough daylight to see objects to some degree without lights. There was some conflict in the testimony whether it was misty or raining at the time of the accident or whether it had been misty or raining before the accident, but not at that time.

As plaintiff's car came over the crest of a hill just north of the intersection of Highway 101 and Southport Road, defendant's Caterpillar tractor was proceeding to cross the highway on Southport Road. At that point Highway 101 was a four-lane highway, with a center median strip.

Defendant had finished working with his tractor at a nearby log dump east of the highway and was proceeding on Southport Road to his home, which was located on that road west of the highway. Defendant testified that in crossing the highway he waited at the median strip before crossing the two south bound traffic lanes. He testified that he could see north on the highway to the crest of the hill some 500 to 700 feet away and that after waiting for one car to pass he started to cross the highway at right angles to it. His tractor was equipped with recessed front headlights and with a recessed white taillight, none of which were operable at that time. There were no reflectors on the side of the tractor, which was painted yellow.

Plaintiff testified that his car had its lights on and was in the outside lane of the highway as he came over the crest of the hill and that he did not see defendant's tractor until too late to avoid hitting it. He then applied his brakes, but could not stop, and ran into the side of the tractor, which was then in the outside southbound traffic lane, and was proceeding at a speed of about four or five miles per hour. Defendant testified that the left lane was clear and that plaintiff had previously changed from the left to the right lane.

The order allowing plaintiff's motion for a new trial was based upon findings and conclusions that plaintiff had requested "statutory instructions pertaining to vehicle lighting"; that defendant "did not have lighting" on his tractor; that "the court erred in holding that defendant's vehicle was exempt as a matter of law from these lighting requirements," and that this error was prejudicial.

Four basic questions are presented by this appeal: (1) Do the statutory lighting requirements for motor vehicles apply to a tractor crossing a highway? (2) Was plaintiff entitled to such "statutory instructions" when, as in this case, the tractor was crossing the highway at right angles? (3) If the court erred in its holding that defendant's tractor was not subject to the statutory lighting requirements for motor vehicles, was that error preserved by plaintiff at the time of trial by proper objection or exception? and (4) If not, can such an error be the ground for the granting of a new trial?

1. *The statutory requirements for the lighting of motor vehicles are applicable to a tractor when operated on a highway.*

■ ORS 483.402 provides:

"*When lights are required to be on; application of visibility and height provisions.* (1) Subject to the specific exceptions with respect to parked vehicles, lighted lamps and illuminating devices as specified in ORS 483.402 to 483.442 shall be displayed by:

"(a) Every vehicle upon a highway within this state at any time from a half-hour after sunset to a half-hour before sunrise and at any other time when, due to insufficient light or unfavorable atmospheric conditions, persons and vehicles are not clearly discernible on such highway at a distance of 500 feet ahead.

"* * * * *"

ORS 483.404 provides:

> *"Head lights required; lighting and braking equipment on bicycles.* (1) Every motor vehicle other than a motorcycle shall be equipped with at least two head lamps, at least one on each side of the front of the vehicle.
> "* * * * *."

At the time of trial the trial court was under the impression that defendant's tractor was exempt from these requirements under ORS 483.032(3) which provides that:

> "The provisions of this chapter with respect to equipment on vehicles do not apply to implements of husbandry, road machinery, road rollers, farm tractors or vehicles described in paragraph (2) of subsection (4) of ORS 481.205 [i.e., historic vehicles maintained as collectors' items], except where expressly made applicable."

ORS 483.012 defines an "implement of husbandry" as follows:

> "(1) 'Implement of husbandry' means every vehicle designed exclusively for use in agricultural operations. 'Implement of husbandry' does not include vehicles designed exclusively for the transportation of persons or property."

A "farm tractor" is defined by ORS 483.008 as follows:

> "(3) 'Farm tractor' means any self-propelled vehicle designed primarily for use in agricultural operations for drawing or operating plows, mowing machines and other farm equipment or implements of husbandry."

The terms "road machinery" and "road rollers" are not defined by the Motor Vehicle Code. Defendant's Caterpillar tractor was clearly not within any of the foregoing classifications.

In other words, although defendant's tractor may

have been prohibited by ORS 483.516 from operating on a highway because it was a tractor with caterpillar metal treads, when defendant undertook to operate that tractor on a highway at night it was a "motor vehicle" and, as such, was subject to the statutory requirements for headlights and taillights on all motor vehicles when operated on the public highways of this state. Needless to say, these statutory provisions require that such headlights and taillights be in operating condition, which was not true of the headlights and taillights on defendant's tractor.

It follows, as recognized by the trial court on plaintiff's motion for a new trial, that it erred at the time of trial in holding that defendant's tractor was exempt as a matter of law from such statutory lighting requirements.

2. *The statutory lighting requirements were applicable in this case despite the fact that defendant's tractor was crossing the highway at right angles to plaintiff's car.*

■■ Defendant contends that because the provisions of ORS 483.402 and 483.406 speak in terms of headlights "visible from a distance of 500 feet to the *front* of such vehicle," these statutory requirements have no application to a motor vehicle which is struck while crossing a highway by a vehicle approaching from the *side,* at right angles, rather than from the front. Thus, defendant argues that an instruction to the jury in this case stating the statutory requirements for headlights for defendant's tractor would be "inappropriate unless there was some evidence that such lighting would have made any difference and even if it would, that the statutes * * * were enacted for the purposes claimed by plaintiff."

In support of that contention defendant cites *Spence, Adm'x v. Rasmussen et al,* 190 Or 662, 226 P2d

819 (1951), involving a bicycle without a front lamp, as required by statute, and which was struck from the rear by an automobile. In that case we said (at 678) that head lamp requirements for bicycles were "designed for the benefit of those approaching *from the front*" and (at 680) that "there is no evidence * * * that if the front lamp on this bicycle had been burning it could have been better seen by one operating a motor vehicle from the rear," with the result that it was improper to instruct the jury on the statutory requirements for bicycle head lamps. We also said, however (at 679), that "the requirements of the statute respecting front lamps on *motor vehicles* have entirely different purposes than the statute respecting bicycle lamps."[①]

Defendant has cited no cases involving vehicles crossing a highway or proceeding through an intersection at night without headlights on. Although this court has not previously considered such a case, courts of other states have considered such cases and appear to hold that the failure of a motorist to have his headlights on after dark is actionable negligence in intersection collisions. As stated in Annotation, Driving Motor Vehicle Without Lights or With Improper Lights as Affecting Liability for Collision, 21 ALR2d 7, 41, 43 (1952):

"The function of head-lamp beams as a warning to other motorists, rather than as a means of illumination to the driver, is of especial importance in the cases involving intersectional collisions between crossing cars * * *.

"* * * * *

"Driving an unlighted motor vehicle into an in-

---

[①] Defendant also cites Dormaier v. Jesse et al, 230 Or 194, 369 P2d 131 (1962), involving a vehicle stopped in a dust storm without lights and hit from the rear by another car, in which we said (at 198) that there was no evidence that the lighting of the car had any causal relationship with the accident.

tersection or across the path of another vehicle, causing a collision, has been held in some cases to be negligence rendering the defendant liable as a matter of law * * *."

Numerous cases support these propositions. See, e.g., *Normand v. Piazza,* 145 So 2d 110, 112 (La App 1962); *Meehl v. Barr Transfer Co.,* 296 Mich 697, 296 NW 844, 846 (1941); and *Rogers v. Bouchard,* 60 Tenn App 555, 449 SW2d 431, 437-38 (1969). See also *Butler v. Cromartie,* 339 Mass 4, 157 NE2d 649, 651 (1959); *Estate of Dauer v. Zabel,* 19 Mich App 198, 172 NW2d 701, 708 (1969); and *Craig v. Gottlieb,* 161 Pa Super 526, 55 A2d 573, 574 (1947).

We agree with these cases and hold that in cases involving vehicles crossing highways or through intersections at night without their headlights on, and which collide with cars approaching at right angles, as in this case, an appropriate instruction should be given relating to the duty of the drivers of such vehicles to have their headlights on.

3. *No proper requests were made by plaintiff for appropriate instructions on the statutory requirements for headlights on defendant's tractor.*

■ Defendant further contends that plaintiff made no proper request for appropriate instructions on the statutory requirements for headlights on defendant's tractor. We agree.

Aside from the fact that plaintiff did not serve and file requested instructions in writing at the beginning of the trial, as apparently required by Rule 28 of the Rules of Court for Coos and Curry Counties, plaintiff's requests for instructions on the statutory requirements for headlights were clearly insufficient.

The only request by plaintiff's counsel was an oral request for "the following ORS statutory instructions," including 483.402, 483.404, 483.406, 483.408,

483.114 and 483.423. That request was denied, not on the ground that the request was not timely, written, or sufficiently specific, but upon the ground that under ORS 483.032 defendant's tractor was not subject to these statutory requirements—a reason which the trial court later, on plaintiff's motion for new trial, concluded to be in error.

Nevertheless, if plaintiff's motion for a new trial had been denied and if this were an appeal from the resulting judgment for defendant, plaintiff's appeal would fail because of the insufficiency of plaintiff's request for instructions on the statutory requirements for headlights. Plaintiff places primary, if not sole, reliance in this appeal upon its requests for instructions on ORS 483.402 and 483.404. An examination of these statutes, as quoted above, reveals that they refer to other statutes and include subsections which have no application to this case. Thus, the trial court would have been required to make various deletions in preparing an appropriate instruction under either of these statutes.

██ It is fundamental that a request for an instruction may properly be denied, without error, unless the requested instruction is clear and correct in all respects, both in form and in substance, and unless it is altogether free from error. *Hotelling v. Walther,* 174 Or 381, 387-88, 148 P2d 933 (1944); *Wiebe v. Seely, Administrator,* 215 Or 331, 360, 335 P2d 379 (1959); *Stanich v. Buckley et al,* 230 Or 126, 132, 368 P2d 618 (1962); *Owings v. Rose',* 262 Or 247, 258, 497 P2d 1183 (1972). The trial court cannot be required to edit requested instructions and to omit parts that are incorrect or inapplicable. See *Brigham v. Southern Pacific Co.,* 237 Or 120, 124, 390 P2d 669 (1964).

It does not necessarily follow, however, that the trial court could not properly grant a new trial in this case.

4. *The trial court's failure to give any instructions on the statutory requirements for headlights on defendant's tractor was error and, even though not properly objected to, was sufficient for the granting of a new trial.*

■ It is fundamental that a new trial may be ordered by a trial court only for prejudicial error,[2] despite what has been referred to as "loose expressions" in some of our cases to the effect that a trial court may grant a new trial as a matter of discretion, subject to reversal only for abuse of discretion.[3]

---

[2] This has been the rule since 1910 when Art VII, § 3, was added to the Constitution. De Vall v. De Vall, 60 Or 493, 118 P 843, 120 P 13 (1912); Sullivan v. Wakefield, 65 Or 528, 133 P 641 (1913); Smith Typewriter Co. v. McGeorge, 72 Or 523, 525, 143 P 905 (1914); Delovage v. Old Oregon Creamery Co., 76 Or 430, 435, 147 P 392, 149 P 317 (1915); Wakefield v. Supple, 82 Or 595, 602, 160 P 376 (1917); Speer v. Smith, 83 Or 571, 575, 163 P 979 (1917); Archambeau v. Edmunson, 87 Or 476, 486, 171 P 186 (1918); Timmins v. Hale, 122 Or 24, 32, 256 P 770 (1927); McCulley v. Homestead Bakery, 141 Or 460, 465, 18 P2d 226 (1933); King v. Ditto, 142 Or 207, 210, 19 P2d 1100 (1933); Bean v. Hostettler, 182 Or 510, 514, 188 P2d 636 (1948); Neal v. Haight, 187 Or 13, 32, 206 P2d 1197 (1949); Malila v. Meacham, 187 Or 330, 359, 211 P2d 747 (1949); Williams v. Clemen's Forest Prod., Inc., 188 Or 572, 600, 216 P2d 241, 217 P2d 252 (1950); Clark v. Fazio et al, 191 Or 522, 528, 230 P2d 553 (1951); Hays v. Herman, 213 Or 140, 146, 322 P2d 119 (1958); Hillman v. North Wasco Co. PUD, 213 Or 264, 286, 323 P2d 664 (1958); Guthrie v. Muller, 213 Or 436, 440, 325 P2d 883 (1958); Foxton v. Woodmansee, 236 Or 271, 284, 386 P2d 659, 388 P2d 275 (1964); Goggan v. Consolidated Millinery, 242 Or 328, 332, 409 P2d 174 (1966); Lundquist v. Irvine, 243 Or 274, 278-79, 413 P2d 416 (1966); McIntosh v. Lawrance, 255 Or 569, 572, 469 P2d 628 (1970); Jones v. Burns, 257 Or 312, 317-18, 478 P2d 611 (1970); Bevens v. Becker, 257 Or 366, 368, 479 P2d 236 (1971); Fleet v. May Dept. Stores, Inc., 262 Or 592, 599, 500 P2d 1054 (1972); and Snyder v. Hunter Room, Inc., 99 Adv Sh 1385, 1386, 269 Or 536, 525 P2d 1293 (1974).

[3] See Arthur v. Parish, 150 Or 582, 588, 47 P2d 682 (1935).

The following cases, among others, include "loose expressions" to the effect that a trial court has discretion to grant a new trial: Shain v. Meier & Frank Co., 140 Or 518, 523, 13 P2d 360 (1932); Cicrich v. State Ind. Acc. Comm., 143 Or 627, 635, 23 P2d 534 (1933); Karberg v. Leahy, 144 Or 687, 692, 26 P2d 56 (1933); Fen-

■ It is true, however, that when error has been committed this court, in determining on an appeal from an order granting a new trial whether such error was so prejudicial as to prevent a party from having a fair trial, usually defers to the discretion of the trial court.[4] It has also been said that a stronger showing is required to reverse an order granting a new trial than to reverse an order denying a new trial.[5]

Upon a review of our previous decisions in which orders granting new trials have been affirmed for prejudicial error it appears that such cases fall into three categories: (1) Cases in which such orders have allowed motions for new trials based upon grounds specified in ORS 17.610, including "error in

nell v. Hauser, 145 Or 351, 358, 27 P2d 685, 28 P2d 245 (1934); Erven v. Eagy, 152 Or 219, 224, 53 P2d 53 (1936); Zeek v. Bicknell, 159 Or 167, 169, 78 P2d 620 (1938); Christianson v. Muller, 193 Or 548, 551, 239 P2d 835 (1952); Walker v. Griffin, 218 Or 613, 624, 346 P2d 110 (1959).

Examination of these and similar cases reveals that in most, if not all of them, there existed substantial and prejudicial error. However, to the extent that such cases may be understood to hold that a trial court has the discretion to grant a new trial in the absence of prejudicial error, such cases are overruled.

[4] Stoneburner v. Greyhound Corp. et al, 232 Or 567, 570, 375 P2d 812 (1962); Snyder v. Hunter Room, Inc., *supra*, note 2; and Libbee v. Permanente Clinic, 269 Or 543, 525 P2d 1296 (1974). See also Clark v. Fazio et al, *supra*, note 2; Burrows v. Nash, 199 Or 114, 121, 259 P2d 106 (1953); Guthrie v. Muller, *supra*, note 2; Hays v. Herman, *supra*, note 2; Hillman v. North Wasco Co. PUD, *supra*, note 2 at 275; Lee v. Caldwell, 229 Or 174, 181, 366 P2d 913 (1961); Young v. Crown Zellerbach, 244 Or 251, 257, 417 P2d 394 (1966); Armstrong v. Stegen, 251 Or 340, 342, 445 P2d 509 (1968); and Garber v. Martin, 261 Or 410, 420-21, 494 P2d 858 (1972).

[5] Hillman v. North Wasco Co. PUD, *supra*, note 2 at 275. An order denying a motion for new trial is not an appealable order except in limited instances. Gordon Creek Tree Farms v. Layne et al, 230 Or 204, 238, 358 P2d 1062, 368 P2d 737 (1962). Thus, ordinarily when a motion for new trial has been denied, any appeal must be from the judgment for error properly preserved. Unemployment Comp. Com. v. Bates, 227 Or 357, 361, 362 P2d 321 (1961).

law occurring at the trial, and excepted to by the party making the application";[6] (2) Cases in which trial courts have granted new trials upon their "own motion";[7] and (3) Cases in which new trials were granted because of substantial and prejudicial error to which no proper exception or objection was taken, but which were raised by motion for new trial, rather than by a trial court on its own motion, as next discussed.

In this case a new trial could not be properly granted under ORS 17.610(7) for "errors in law" which were "excepted to," because no proper request was made for the instructions on statutory headlight requirements. Neither could the court grant a new trial in this case "on its own motion" for its error in refusing to give such instructions, on the ground that defendant's tractor was exempt from such statutes, because the order granting the new trial was not entered within 30 days from entry of judgment, as required by ORS 17.630. Thus, the granting of the new trial in this case can be sustained only under the third of these categories, provided that the requirements established by previous decisions of this court are satisfied in this case.

Prior to the adoption in 1933 of what is now ORS 17.630, a trial court was not required to act within

---

[6] ORS 17.610 also provides other grounds for the granting of new trials which have no application in this case because plaintiff's motion for a new trial was based upon alleged "errors in law."

[7] See, e.g., De Vall v. De Vall, *supra,* note 2 at 500, 502; Smith Typewriter Co. v. McGeorge, *supra,* note 2; Frederick & Nelson, v. Bard, 74 Or 457, 461, 145 P 669 (1915); Pullen v. Eugene, 77 Or 320, 325, 146 P 822 (1915); Archambeau v. Edmunson, *supra,* note 2; Obermeier v. Mortgage Co. Holland-America., 111 Or 14, 26, 224 P 1089 (1924); Southern Oregon Co. v. Kight et al, 112 Or 66, 77, 228 P 132, 228 P 832 (1924); Seipp v. Howells, 146 Or 637, 639, 31 P2d 188 (1934); Neal v. Haight, *supra,* note 2 at 19; Stein v. Handy, 212 Or 225, 229, 319 P2d 935 (1957); Hays v. Herman, *supra,* note 2 at 144; Foxton v. Woodmansee, *supra,* note 2 at 273; Young v. Crown Zellerbach, *supra,* note 4 at 256.

30 days in granting a new trial on its own motion. As a result, when a motion for new trial was based upon some error which was prejudicial, but to which no proper objection or exception was taken as to provide a basis for a motion for a new trial under ORS 17.610, the trial court could grant a new trial in such a case "on its own motion" for prejudicial error.

Thus, in *Archambeau v. Edmunson,* 87 Or 476, 486, 171 P 186 (1918), this court said that a trial court might properly order a new trial for error, even if no proper objection or exception was taken, if the error was such that *"if properly excepted to or seasonably called to the attention of the court* and the motion denied would have been sufficient cause for a reversal" and if the trial court was satisfied that the party had not had a fair trial. On that basis, orders allowing motions for new trial were affirmed for prejudicial errors even though such motions were not based upon errors in law to which exceptions had been taken, as required by what is now ORS 17.610(7).[8]

In 1933 what is now ORS 17.630 was enacted, requiring that when a trial court grants a new trial on its own motion it must do so "within 30 days after the filing of the judgment" and that the order "shall contain a statement setting forth fully the grounds upon which the order was made."[9] For some time, this court continued to affirm orders granting motions for new trials for errors to which no objections or exceptions were taken without discussion whether such orders were granted by the trial courts on their own motion within 30 days.[10]

[8] See Bottig v. Polsky, 101 Or 530, 539, 201 P 188 (1921); Timmins v. Hale, *supra,* note 2; State v. Bosch, 139 Or 150, 153-54, 7 P2d 554 (1932).

[9] Oregon Laws 1930, ch 233, § 2.

[10] See Lyons v. Browning et al, 170 Or 350, 133 P2d 599 (1943); and Neal v. Haight, *supra,* note 2. See also Clark v. Fazio et al, *supra,* note 2 at 527-28.

Finally in *Rosencrans et ux v. Bennett et ux,* 193 Or 45, 236 P2d 798 (1951), a trial court was reversed for allowing a new trial where a motion for a new trial had been filed, but where the order for new trial was based upon errors to which no objections or exceptions had been taken and which was not entered within 30 days after judgment. This court said (at 49-50) that, in determining whether that order was entered by the trial court "on its own motion" (so as to be required to be filed within 30 days) or was an order based upon the motion for a new trial, this court would "look to defendant's motion to see if there was anything in it which sustained the reasons given by the court for granting a new trial." Finding that this requirement was not satisfied in that case, this court reversed the granting of the new trial because that order was not entered within 30 days.

Two years later, however, in *Correia v. Bennett and Johnson et ux,* 199 Or 374, 261 P2d 851 (1953), this court affirmed an order granting a new trial where the motion for a new trial specifically stated that it was based in part upon error to which no proper objection or exception had been taken (quoting *Archambeau v. Edmunson, supra*) and where the order granting the new trial was not entered within the 30-day period required for new trials granted by a trial court on its own motion. In so holding, this court said (at 381):

"* * * The mere fact that no exception was saved at the time of trial did not bar defendant from thus claiming error on account thereof in his motion for a new trial, nor did the court's action in adopting that ground as the basis of its order granting a new trial give to the order the character of one 'granted on the court's own motion.' "

and (at 382):

"* * * Where such error occurs on a trial, whether excepted to or not, it may form the ground

of a motion for a new trial, and such motion, based thereon, may properly be allowed. Or, for such error appearing of record, the trial court may at any time within 30 days after the entry of judgment award a new trial on its own motion."[10]

In this case defendant's motion was based, among other things, upon "error in law in the court refusing to give statutory instructions pertaining to vehicle lighting requested by the plaintiff ORS 483.402, 483.404 * * *." As previously noted, no proper request was made to the trial court for the giving of such instructions.

The order granting the new trial in this case was based upon a finding and conclusion, among other things, that

"The question whether Defendant's vehicle was one of those exempted from the lighting requirements of the above cited statutes by ORS 483.032(3) was properly a question for the jury, and the court erred in holding that the Defendant's vehicle was exempted as a matter of law from these lighting requirements."

That order was also based upon a finding that "the court's error was prejudicial to plaintiff."

■ In our judgment, the grounds stated in plaintiff's motion for a new trial were sufficiently related to and supportive of the grounds stated in the order granting the new trial so as to satisfy the test as stated in *Rosencrans* and the rule as stated in *Correia*.

It may be contended, as urged by the dissent-

[10] To the same effect, see: Stein v. Handy, *supra*, note 7 at 235; Hays v. Herman, *supra*, note 2; Hillman v. North Wasco Co. PUD, *supra*, note 2; Lee v. Caldwell, *supra*, note 4; Strandholm v. General Const. Co., 235 Or 145, 152, 382 P2d 843 (1963); Lundquist v. Irvine, *supra*, note 2; Young v. Crown Zellerbach, *supra*, note 4 at 257-58; and Fleet v. May Dept. Stores, Inc., *supra*, note 2.

ing opinion, that the rule as stated in *Correia* is unsound in that the effect of that rule is to recognize grounds for a motion for a new trial in addition to those stated in ORS 17.610(7), which refers to "error in law * * * excepted to * * *" as a ground for a new trial, whereas the rule of *Correia* would also recognize "error in law *not* excepted to," as a ground for a new trial. To the same effect, it may be contended, as also urged by the dissenting opinion, that although a trial judge may have power to grant a new trial for error at law not excepted to, if he does so he must act on his own motion and within 30 days and that this was the purpose of ORS 17.630.

No such contentions, however, are made by the appellant in this case and its reply brief does not controvert the contention in respondent's brief, consistent with the rule of *Correia,* that:

"* * * A new trial may be granted, either on motion of the trial court or on the plaintiff's motion, for prejudicial error in instructing the jury even though the aggrieved party has made no proper request for an instruction or even though he has made no exception to an instruction erroneously given. * * *"

Under these circumstances, and because the trial court could have easily granted plaintiff's motion for a new trial within 30 days if there had been any previous indication by the court that *Correia* may be overruled as stating an unsound rule, we decline to consider those contentions in this case. It follows that the order of the trial court granting a new trial was proper for the purposes of this case, even though not entered within 30 days.

5. *The trial court could properly find that the error in failing to give the instruction was prejudicial.*

Finally, we must consider the holding of the trial court that the error in its previous ruling that

plaintiff was not entitled to instructions on the statutory requirements for headlights, as applied to defendant's tractor, was a prejudicial error and, as such, provided a sufficient basis for the granting of a new trial.

As previously noted,[20] we have held in many cases that when error has been committed we ordinarily accord considerable latitude to the trial court in its determination whether such an error was prejudicial so as to provide a proper basis for the granting of a new trial when it appears that the chance of prejudice is substantial.

■ It is established in Oregon that "if a litigant can prove that his adversary violated a statute enacted to regulate * * * the equipment * * * of motor vehicles, he is entitled to an instruction that such conduct is negligence." *McConnell v. Herron,* 240 Or 486, 490, 492, 402 P2d 726 (1965). If, in such a case, the defendant produces evidence that he nevertheless acted as a reasonably prudent person under the circumstances, he is then entitled to an instruction to that effect, but, in any event, plaintiff is entitled to the initial instruction on violation of the statute. See *Barnum v. Williams,* 264 Or 71, 78-79, 504 P2d 122 (1972). Accordingly, the trial court was correct in this case in holding that plaintiff was entitled to an instruction on the requirements of the headlight statute.

■ Under the instructions on common law negligence, as given by the trial court, the jury found that defendant's negligence contributed 36 per cent to the accident. Under these circumstances, we agree with the trial court in its holding that plaintiff was prejudiced by its failure to give the instruction to which plaintiff was entitled in terms of the strong and mandatory requirements of the headlight statute, rather than in the

---

[20] See cases cited in note 4, *supra.*

more innocuous terms of a common law duty to "illuminate his vehicle" when a reasonable person would do so. Had such an instruction been given the jury might well have found that defendant's negligence exceeded 50 per cent, rather than 36 per cent.

Considering the wide latitude which we have always accorded to trial courts in determining whether error is prejudicial, we cannot say that this trial court, based upon its observation of the conduct of the trial, including the effect upon the jury of argument by counsel and instructions by the court on the subject of headlights, was wrong in its holding to the effect that plaintiff was prejudiced by the failure to give such an instruction.[8]

For these reasons we affirm the order of the trial court granting a new trial.[9]

O'CONNELL, C. J., dissenting.

I cannot agree with the majority's conclusion that the failure to give an improperly requested instruction constituted error sufficiently prejudicial to sustain the order for a new trial. The jury was instructed as follows:

"Now in this case the Plaintiff has alleged that the

----

[8] As held in McIntosh v. Lawrance, *supra,* note 2 at 573-74:

"* * * Such a set of circumstances affords an adequate basis upon which the trial judge may find prejudice. We do not intend to hold, in the circumstances here, that * * * the instructions was prejudicial as a matter of law, but only that each constituted an adequate basis for a finding of prejudice by the trial judge. * * *"

[9] Because of the basis on which we decide this case, we need not consider plaintiff's further contention that the trial court erred in refusing to strike from defendant's answer the allegation that plaintiff was negligent "in failing to stop, swerve or otherwise maneuver his vehicle in order to avoid striking the vehicle of defendant," in view of defendant's further allegation that plaintiff was negligent in respect to control. That contention may be considered again by the trial court in advance of the further trial of this case in the event of a motion to strike that allegation at that time.

Defendant was negligent in failing to illuminate his tractor. The operator of equipment such as the tractor being operated by this Defendant has a duty only to illuminate his vehicle as a reasonable person would in the same or similar circumstances. That should be as a reasonably prudent person would in the same or similar circumstances.

"In determining this question you should take into consideration the extent or degree of danger reasonably to be expected under the circumstances of light and visibility you find prevailed at the time of the collision."

Thus, the jury was alerted to the safety promotion function of the statute but not its technical details. However, the precision of the statutory requirement is entirely irrelevant to the facts of this case because defendant admitted he had no functioning lights at all.[1] I can see no logical basis on which a jury might find a failure of one who does not light his vehicle at all when a prudent man would do so is more culpable because a statute also requires him to do what is prudent.

This view is supported by *Barnum v. Williams,* 264 Or 71, 504 P2d 122 (1972), in which we abolished the doctrine of negligence per se and adopted in its stead the rule that violation of a safety statute creates a rebuttable presumption of negligence. This demonstrates that the statute does not, in itself, impose a civil standard of conduct but serves, instead, as a persuasive indication of community norms. Thus, an instruction in the form of common law duty which, though less detailed, is as extensive as that imposed by the legislature certainly should be sufficient to apprise the jury of the social norm which it is called upon

---

[1] The difference between a more general common law instruction and the language of a necessarily detailed regulatory statute might be significant if the negligence alleged was failure to satisfy the duty completely. When, as here, the negligence is utter failure to comply, the details are irrelevant.

to apply to the facts of the case. I see no error sufficiently prejudicial to justify retrial.

I differ from the majority additionally in that I would overrule *Correia v. Bennett and Johnson,* 199 Or 374, 261 P2d 851 (1953) and those cases following it[2] and hold that a new trial may be granted only when the requisites of ORS 17.610 or ORS 17.630 are satisfied. It is my opinion that there is no excuse for this court to ignore the clear mandate of the legislature that new trials should not be granted for errors of law unless proper exceptions have been taken or the trial court chooses to correct error upon its own authority within the thirty days allowed by statute. Fairness to those who may have relied upon our prior decisions in failing to act with the alacrity required by ORS 17.630 may be preserved by restricting the effect of the ruling to cases which have gone to judgment subsequent to this decision.

I would reverse the order granting a new trial and reinstate the judgment based upon the jury's verdict.

BRYSON, J., joins in this dissent.

---

[2] Lee v. Caldwell, 229 Or 174, 366 P2d 913 (1961); Hillman v. North. Wasco PUD, 213 Or 264, 323 P2d 664 (1958), and Lundquist v. Irvine, 243 Or 274, 413 P2d 416 (1966) would be overruled along with *Correia.* The other cases cited by the majority as following *Correia* do so in *dicta* at most. In Stein v. Handy, 212 Or 225, 319 P2d 935 (1957) the new trial was ordered on the court's own motion two days after entry of judgment. Similarly, the new trial was ordered in Hays v. Herman, 213 Or 140, 322 P2d 119, 69 ALR2d 947 (1958) on the court's own motion less than thirty days after entry of judgment, even though a party had also moved the court to grant a new trial. In Strandholm v. General Construction Co., 235 Or 145, 382 P2d 843 (1963) the ground for the new trial was party misconduct (ORS 17.610(2) rather than (7)) which does not require an exception as a prerequisite. In Young v. Crown Zellerbach, 244 Or 251, 417 P2d 394 (1966) the trial court instructed the jury in the absence of counsel and then announced that a new trial would be ordered if either party moved for one. Finally, Fleet v. May Department Stores, Inc., 262 Or 592, 500 P2d 1054 (1972) holds with complete accuracy that a trial court may order a new trial upon its own motion for errors of law not excepted to.

DENECKE, J., specially concurring.

I specially concur in the majority opinion because I agree with the majority that the trial court could grant a new trial because of its failure to give the requested instruction. I disagree with the majority's decision however, that the error was not properly "excepted to" because no proper request was made. For this reason I would find it unnecessary to decide whether the trial court can grant a new trial on a party's motion for error not properly "excepted to."

The plaintiff requested the trial court to give instructions on ORS 483.402 and 483.404 which pertain to headlights. These statutes refer to other statutory sections and contain subsections which are irrelevant to the issues in this case. I agree with the statement of the majority "if this were an appeal from the resulting judgment for defendant, plaintiff's appeal would fail because of the insufficiency of plaintiff's request for instructions * * *".

This proceeding however, is not an appeal from a judgment for defendant. It is an appeal from an order of the trial court granting a new trial on the ground that the trial court erred in refusing to instruct as requested. The considerations supporting the rule that a judgment will not be overruled on appeal because of the trial court's failure to give an instruction that was insufficiently requested are completely different than the considerations present in deciding whether the trial court was in error in granting a new trial because of its failure to give a requested instruction.

In *Hotelling v. Walther,* 174 Or 381, 387-388, 148 P2d 933 (1944), we discussed the reasons why an appellate court should not hold a trial court in error for failing to give an insufficiently requested instruction. We stated an improperly requested instruction keeps the trial court "in the dark"; it "could well prove to be a trap both for the court and the opposing party."

"\* \* \* if the plaintiff deemed the instruction in question proper and desirable, he should have made known his wish to the court by a specific request, distinctly setting forth the instruction. The trial judge, no matter how competent and learned he may be, is not as a rule clairvoyant. He is not expected to divine counsel's unexpressed thoughts about the law not to speculate upon the meaning of a cryptic request for instructions such as that under consideration."

It is not error on appeal because the trial court has not been adequately informed of the party's contention and therefore cannot make an informed ruling.

Those considerations are not present in this case. The trial court fully comprehended the substance of plaintiff's request. The trial court denied the request because of its expressed opinion that the headlight statutes were not applicable to defendant's tractor. The trial court in effect said at trial, I understand your request but I will not give such an instruction. At the hearing on the new trial, the trial court decided it was in error and the statute did apply and therefore the instruction should have been given.

Under these circumstances I can conceive of no reason for holding the error was not properly excepted to.