Argued and submitted June 24, vacated and remanded with instructions August 21, 1996

QUICK COLLECT, INC.,
an Oregon corporation,
*Respondent,*

*v.*

Charles R. GODE,
dba CRG Company,
*Appellant.*

(94D300157; CA A89920)

922 P2d 694

Kerry M. L. Smith argued the cause for appellant. On the brief were Lisa A. Amato, Eric J. Fjelstad and Smith & Fjelstad.

Michael G. Borge, Vancouver, Washington, argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals from the trial court's order setting aside a judgment for defendant and granting a new trial. ORS 19.010(2)(d). We remand.

Plaintiff filed this action to collect the cost of dental services, $1,027, plus attorney fees.[1] The services were provided by plaintiff's assignor (dentist) to defendant in 1990. Defendant responded that at the time of treatment, he and dentist had agreed to credit the dental services as a down payment on a backhoe. Defendant then counterclaimed for $6,473, the value of the backhoe less the cost of the dental services. The case was tried before a jury, which returned a verdict in favor of defendant.

Approximately three months after the jury returned its verdict, the trial judge expressed to counsel his "misgivings about the jury verdict" and "the case as a whole." Two months later, the court entered a judgment awarding defendant $6,473.[2] On its own motion, it then set aside the judgment and ordered a new trial.

■ ORCP 64 G permits a trial court to order a new trial on its own motion.[3] However, it may do so only if it has committed an error that "was so prejudicial as to prevent a party from having a fair trial." *Beglau v. Albertus*, 272 Or 170, 181, 536 P2d 1251 (1975). A court may order a new trial only where there is a basis for a finding of substantial prejudice. *Williams v. Laurence-David*, 271 Or 712, 718, 534 P2d 173 (1975).

---

[1] Plaintiff sought attorney fees based on a dental services' agreement that defendant signed in 1986 when he first received treatment from plaintiff's assignor.

[2] The judgment required plaintiff to pay defendant $6,473. The proposed judgment also contained the sentence, "Defendant is to deliver the backhoe to plaintiff, and upon delivery, plaintiff is to pay defendant the sum of $6,473.00." However, the trial court struck that sentence.

[3] ORCP 64 G provides:

"If a new trial is granted by the court on its own initiative, the order shall so state and shall be made within 30 days after the entry of the judgment. *Such order shall contain a statement setting forth fully the grounds upon which the order was made*, which statement shall be a part of the record in the case." (Emphasis supplied.)

■      The trial court stated four bases for its order setting aside the judgment and ordering a new trial:

"There was no evidence of a consideration moving from defendant to plaintiff, assignor.

"The alleged agreement did not comply with the Statute of Frauds.

"Further, the defendant was unable to comply with the terms of the agreement.

"The jury instructions and verdict form were unclear and confusing to the jury."

Unfortunately, the court's order does not set forth fully the grounds on which it was made, making meaningful appellate review impossible. With respect to the issue of consideration, for example, it is unclear whether the court intended to state that there was no evidence of consideration between defendant and plaintiff (as the order reads) or that there was no evidence of consideration between defendant and dentist. The order does not explain, and it is not apparent to us, why the agreement between defendant and dentist violated the Statute of Frauds. Neither does our review of the record clarify what the court meant by its statement that defendant was unable to comply with the terms of the agreement. Finally, without explanation, it is not evident to us how the jury instructions and verdict form (although not a model of clarity) were unclear or confusing to the jury. It is true that the verdict form did not provide a place for the jury to award damages, if any, but the court's order does not explain if that is the ground on which it declared the instructions and verdict form to be confusing. In sum, the court's order does not permit us to exercise our review function.

Vacated and remanded with instructions to provide a statement setting forth fully the grounds on which the order was made pursuant to ORCP 64 G.