Argued February 7, affirmed February 28, 1962

# DORMAIER v. JESSE ET AL
### 369 P. 2d 131

*Duane Vergeer,* Portland, argued the cause for appellants. On the brief were Vergeer & Samuels and Charles S. Crookham, Portland.

*Walter H. Evans, Jr.,* Portland, argued the cause for respondent. On the brief were Evans & Kennedy, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

GOODWIN, J.

The defendant, Jesse, appeals from an order granting the plaintiff, Dormaier, a new trial after a verdict for the defendant in an action for damages arising out of an automobile collision.

The accident was of the so-called rear-end variety. Dormaier was the owner-passenger in the lead automobile. Jesse was the operator of the following automobile. The case went to the jury with the usual instructions on negligence and contributory negligence.

Dormaier and his employe, one Clifton, were driving along a straight, two-lane highway when they encountered a local dust storm caused by the wind blowing a fallow field across the road. (For the purposes of this appeal we need not concern ourselves with those questions which were raised in the trial court because Dormaier's automobile was being driven by an employe who was under Dormaier's direction and control at the time of the impact.)

Visibility was good on either side of the dust cloud, which could be seen for about three miles. Within the

dust cloud visibility was perhaps twenty-five feet. The Dormaier automobile was following a truck as it approached the dust cloud. The truck disappeared into the dust. Dormaier and Clifton stopped and discussed the situation. They decided to follow the truck. Dormaier swore that his automobile proceeded slowly ahead, in low gear, with the lights on. Shortly after entering the dust cloud, Dormaier and Clifton came upon the truck, which had stopped. Dormaier testified that he and Clifton thereupon stopped and discussed the advisability of getting out of the automobile, but Dormaier told Clifton to remain in it and also remained in place himself. A graveled shoulder extended six feet to the right of the pavement. If the Dormaier automobile had been parked on the shoulder, it would have extended onto the paved portion of the road only slightly, if at all.

The Dormaier automobile remained stationary in the northbound lane of the highway. Clifton testified that "just a matter of seconds" elapsed before the Dormaier automobile was hit from behind by the Jesse automobile. Dormaier had recalled, in his deposition, as much as "two or three minutes" before the impact. There was also other conflicting evidence with reference to the duration of the halt before the accident.

▇ The evidence was conclusive that Jesse drove into the blinding dust storm at approximately 45 miles per hour. Jesse's automobile was still proceeding at about 35 miles per hour when it rammed into the rear of the Dormaier automobile. Jesse was, accordingly, negligent as a matter of law. See *Turner, Adm'r, v. McCready et al.,* 190 Or 28, 56, 222 P2d 1010. Had the plaintiff requested an instruction to that effect, the trial court no doubt would have given it.

■ However, Dormaier requested more than an instruction that Jesse was negligent. He requested a directed verdict on the entire matter of liability, which would have left to the jury only the question of damages. Since a directed verdict would have removed from the case the issue of contributory negligence, upon which there was some evidence, the trial court properly denied the motion.

The judgment for defendant was filed March 3, 1961. Motion for new trial was filed March 10. The order allowing the motion was entered April 25, more than thirty days after the filing of the judgment. Since the court's power to grant a new trial on its own motion expires thirty days after judgment is filed (ORS 17.630), the order for a new trial must rest upon one of the five grounds set forth by Dormaier in his motion (ORS 17.620). If any one of the grounds has merit, the order must be affirmed. If, on the other hand, none of the five reasons assigned in the motion can be said to justify the granting of a new trial, the order is erroneous and must be reversed.

■ We omit the first four grounds assigned in the motion, as they are without merit. The fifth ground was as follows:

"* * * Error in law * * * [in] the giving of defendants' requested instruction No. VII, to-wit:

"'If you find in this case that a reasonably prudent person in the position of the plaintiff would have illuminated the lights on the vehicle when the same was parked in the dust storm, and that his failure to have such lights was a proximate contributing cause to the accident, then it would have been negligence for the plaintiff not to have caused the tail lights of his car to have been turned on.'"

A timely exception was taken to the giving of the foregoing instruction. It was error to instruct on the matter of lights because there was no evidence that the lighting on the Dormaier automobile had a causal relationship with the collision.

It is clear from the defendant's own testimony that he drove into a thick dust cloud at a speed of forty-five miles per hour. Because of the lack of visibility, Jesse said, he immediately applied his brakes as hard as he could, without seeing any motor vehicles, or anything but dust in front of him. He then testified that almost immediately after he began to slow down the impact occurred. Thus, Jesse's own testimony establishes that the presence or absence of lights on the Dormaier vehicle could have had no causal connection with the collision. There is nothing elsewhere in the record to support the submission of the matter to the jury.

■ While causation in fact is ordinarily a jury question, the evidence in the record must lay a foundation for an inference before the jury will be permitted to draw one. *Henthorne v. Hopwood et al,* 218 Or 336, 347, 338 P2d 373, 345 P2d 249.

■ The giving of instructions not supported by evidence permits the jury to speculate and is error. *Layne v. Portland Traction Co.,* 212 Or 658, 675, 319 P2d 884, 321 P2d 312; *Prauss v. Adamski,* 195 Or 1, 15, 244 P2d 598.

The trial court discerned its error when it granted the new trial. It was authorized to do so.

Affirmed.