Argued January 9, reargued March 31, affirmed April 22,
petition for rehearing denied May 26, 1964

## DORMAIER *v.* JESSE ET AL

391 P. 2d 645

*Duane Vergeer,* Portland, argued the cause for appellants. With him on the brief were Vergeer & Samuels and Frederic P. Roehr, Portland.

*Walter H. Evans, Jr.,* Portland, argued the cause for respondent. On the brief were William M. Good-

win, Tacoma, Washington, Evans & Kennedy and Jack L. Kennedy, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

SLOAN, J.

The accident which resulted in this action occurred in a dust cloud across the highway near Connell, Washington. The car in which plaintiff was riding was struck from the rear by defendant's car when both vehicles were being driven through the dust. Plaintiff brought this action to recover for his alleged injuries. The case is here following a new trial ordered in *Dormaier v. Jesse et al,* 1962, 230 Or 194, 369 P2d 131. In this last trial the court instructed that defendant was negligent as a matter of law. From the ensuing verdict and judgment for plaintiff, defendant appeals.

The facts are set forth in the former opinion. Briefly, the evidence revealed that plaintiff was riding in a car owned by plaintiff and operated by his son-in-law. When they approached the dust cloud they were following a truck. They observed the truck enter the dust cloud. It appeared that the dust obscured the highway for a distance of about 300 feet. The driver of plaintiff's car stopped before entering the dust. The occupants observed the density of the dust and decided they could drive through. They proceeded into the dust in low gear at a speed of about five miles per hour. The car lights were turned on. Visibility was changeable as the dust swirled in clouds of differing intensity. They were obliged to watch the road through the side windows. When nearly through the

dust cloud the men observed that the truck ahead of them had stopped. Plaintiff's driver stopped the car, partially off the highway. Shortly thereafter the car was struck from the rear by defendant's car.

Defendant testified that he could see the dust cloud for a distance of two or three miles before he reached it. When he approached closer he saw another car coming out of the dust at about the same speed defendant said he was then driving, about 40 or 45 miles per hour. He took his foot from the throttle and entered the dust at a speed of about 40 miles per hour. He testified that when he approached the dust cloud he could not see into it and that he could not see any portion of the roadway within the dust. He did not appreciably reduce his speed from the time he entered the dust until the collision. He stated that when he first entered the dust he could see for about 150 feet. He was later blinded by swirling dust and for the first time applied his brakes. It was too late and he collided with plaintiff's car. He was then going about 35 miles per hour. The facts stated are not in serious dispute.

We think the court did not err when the jury was told that defendant was negligent when he entered the pall of dust. To enter an area of obviously limited vision at a speed approximating 40 miles per hour without any precaution seems to us to be negligent as a matter of course.

Defendant places emphasis on *French v. Christner,* 1944, 173 Or 158, 143 P2d 674. The issue in the *French* case was whether or not French had been negligent as a matter of law when he entered a cloud of smoke. French had driven into the smoke at slow speed, with his lights turned on, quite a different situation than

defendant's conduct in the instant case. The court held that he was not negligent as a matter of law.

In reaching this conclusion we do not feel bound by the statement in the former opinion that "Jesse was, accordingly, negligent as a matter of law." *Dormaier v. Jesse,* supra, 230 Or 196. There is some difference in the evidence submitted in the last trial, in this respect, and the evidence in the former trial. However, the evidence leads to the same conclusion.

The other assignments have been considered. None of them suggest a reversal. Judgment affirmed.

DENECKE, J., dissenting.

The problem is the recurring one which plagues every trial and appellate court. Is the defendant's negligence or the plaintiff's contributory negligence a question of fact for the jury or of law for the court? I am of the opinion that the jury could find the facts most favorably viewed for the defendant as follows: The defendant saw the dust storm from about two or three miles away; he was at that time traveling about 50 to 55 miles per hour, which was his usual speed in open country. As he came closer he could not see through the dust to the other side of the storm. He observed that the storm did not cover a very long stretch of the highway, as by looking through the top of the dusty area he could see a rise in the highway beyond the dust. He saw no vehicle go into the dust storm. He met a vehicle which was traveling as fast or faster than defendant coming out of the dust storm.

About a quarter of a mile before the defendant entered the dust area he took his foot off the accelerator. As he entered the dust storm he was traveling 40 to 45 miles per hour; when he entered the dusty area he placed his foot lightly on the brake pedal.

As soon as defendant entered into the dust storm his visibility was limited to about 150 feet. "Well, all of sudden the dust blew up in a big swirl. I couldn't see anything, and I jammed on the brakes and struck the Dormaier car." At that time he testified he was traveling about 30 to 35 miles per hour. He never saw the Dormaier car until he struck it.

It cannot be determined from the evidence how long or how far defendant had proceeded through the dust before he struck the plaintiff. Plaintiff testified he was "pretty well through the dust storm" where they stopped and later were hit.

On the basis of these facts I conclude that defendant's negligence is a question for the jury. The facts in our past decisions and those of other jurisdictions are sufficiently different so that they are neither compelling nor persuasive, except that we are bound by stare decisis to the rule that it is not negligence as a matter of law to drive an automobile at such a rate of speed that it cannot be stopped within the range of the driver's vision. *Murphy v. Hawthorne,* 117 Or 319, 244 P 79, 44 ALR 1397 (1926). Other than for this precedent we are guided only by our personal views of the respective functions of the judge and the jury.

PERRY and O'CONNELL, JJ., join in this dissent.