# MARTIN ENGINEERING CO., INC.,
## *Respondent,*
*v.*
# OPTON et al, *Appellants.*
## (No. 406151, SC 24309)
### 560 P2d 617

Glenn H. Prohaska, of Day & Prohaska, P.C., Portland, argued the cause and filed briefs for appellants.

Gerald R. Pullen, Portland, argued the cause for respondent. With him on the brief was Dennis Henninger of Lachman & Henninger, P.C., Portland.

Before Denecke, Chief Justice, and Tongue, Bryson, and Lent, Justices.

LENT, J.

## LENT, J.

This is a negligence action brought by plaintiff to recover from an insurance agent and his company the amount paid by plaintiff to settle a claim. The claim resulted from an erroneous land survey by the plaintiff. Plaintiff contended that its lack of insurance coverage for the survey error was due to defendants' negligence in procuring insurance for it. The jury returned a verdict in favor of plaintiff. Defendants appeal, claiming that one of the specifications of negligence submitted to the jury was not supported by any evidence.

Plaintiff is a corporation specializing in land surveying and civil engineering. Defendant Opton was plaintiff's insurance agent. Defendants secured a professional Errors and Omissions (E&O) policy for plaintiff with Continental Casualty Company (CNA) for the period of September 15, 1966, to September 15, 1967. For various reasons a change in insurers was desired, and defendants obtained insurance for the plaintiff with Citizens Casualty Company of New York (Citizens) for the period of October 27, 1967, to October 27, 1968. Renewal of the Citizens policy was not possible due to financial difficulties experienced by the company. Subsequently, plaintiff purchased E&O coverage again from CNA. Citizens was eventually placed in liquidation on June 17, 1971.

On June 5, 1968, plaintiff committed a survey error. This error became known in 1972. A liability claim against plaintiff was made in 1972, and eventually the claim was settled by plaintiff for $13,000.00.

Plaintiff was denied insurance coverage for the incident by both CNA and Citizens. Citizens based its denial on the fact that the claim against plaintiff, which was made August 21, 1972, was not made during the operational period of the policy (October 27,

[ 293 ]

1967, to October 27, 1968).[1] CNA refused coverage because its policy required continuous coverage by CNA from the occurrence of the negligent act to the claim date.[2] This condition had not been met, for the error took place in June 1968, while the Citizens policy was in effect.

On April 16, 1975, in his second amended complaint, plaintiff contended that defendants were negligent in the following particulars:

1. In failing to exercise the reasonable care of an insurance agent in selecting an insurance company whose assets were adequate to protect plaintiff's interests.

---

[1] The relevant portions of the Citizens policy provided that:

"1. Coverage

"A. The Company shall pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of liability arising out of any negligence, error or mistake in rendering, or omission in failing to render professional engineering services (hereinafter referred to as 'Named Risks') occurring during this policy period provided notice thereof is given in accordance with Condition 4 of this policy.

"B. * * *

"The Company shall not be liable under Insuring Agreements IA, IB or II for any claims reported after the termination date of this policy.

"* * * * *."

[2] The CNA policy which commenced October 27, 1968, and had been renewed through 1972, provided that:

"IV. Policy Period, Territory

"* * * * *."

"(b) Prior to the Policy Period
"The insurance afforded by this policy also applies to errors, omissions or negligent acts which occur within the United States of America, its territories or possessions, or Canada prior to the effective date of this policy if claim therefor is first made against the insured *during this policy period* and if all of the following requirements are present:
"(1) the error, omission, or negligent act was also insured by this Company under the prior policy (as defined below) . . .
"Prior policy (for the purpose of this insuring agreement) means the combined total of all architects' and/or engineers' professional liability policies issued to the insured *by this Company* beginning with the first architects' and/or engineers' professional liability policy followed continuously by successive architects' and/or engineers' professional liability policies, the last of which expired on the effective date of this policy." (Emphasis added.)

[ 294 ]

2. In failing to exercise the reasonable care of an insurance agent in selecting, in 1967, a policy of insurance which adequately provided for the business activity and risk of the plaintiff.

3. In failing to exercise reasonable care, in 1968, in selecting and providing for plaintiff an insurance policy which adequately protected plaintiff for pre-existing errors and omissions.

4. In failing to warn plaintiff that change in insurance carriers in 1967 and 1968 would expose plaintiff to rejected coverage as to 1968 errors of plaintiff when defendants knew or should have known that such would occur.

This action was tried in October of 1975. After both parties had rested, defendants moved to strike each of the above specifications of negligence for lack of proof. The court granted the motion as to the first allegation only. The jury returned a verdict in favor of plaintiff. Defendants' motion for a new trial based upon submission of the second specification of negligence was denied. Defendants appeal.

Defendants have assigned as error the denial of its motion for a new trial. The denial of this motion for a new trial cannot be assigned as error on appeal. As a matter of substance, such a ruling is not an appealable order. *Clubb v. Hanson,* 272 Or 236, 244, 536 P2d 528 (1975); *Unemployment Comp. Com. v. Bates,* 227 Or 357, 360-61, 362 P2d 321 (1961). In their assignment of error, however, defendants reveal that their true objection goes to the submission of the second allegation of negligence contained in the amended complaint.[3]

Given a timely motion, a trial judge is required to withdraw from consideration by a jury any allegation of negligence which is not supported by some evidence.

---

[3] Plaintiffs object that defendants' assignment of error was procedurally deficient under Rule 6.18 of the Rules of Procedure of this court. Defendants referred in the assignment to the pertinent parts of the record which show the denial of the motion to strike as well as the court's instruction on the matter. We consider this sufficient to excuse strict compliance with Rule 6.18 in this instance.

*Alvarez v. Great Northern Ry. Co.,* 261 Or 66, 76, 491 P2d 190 (1971); *Armstrong v. Stegen,* 251 Or 340, 343, 445 P2d 509 (1968); *Krening v. Flanders,* 225 Or 388, 358 P2d 574 (1961). Our task, then, is to determine if there is any evidence in the record to support the determination that defendants were negligent,

> "[in] failing to exercise the reasonable care of an insurance agent in selecting, in 1967, a policy of insurance which adequately provided for the business activity and risk of the plaintiff"

and that such negligence, if any, caused harm to the plaintiff. In so doing, we review the record in the light most beneficial to the party aided by the verdict. *See e.g., Goodrich v. Ford Motor Co.,* 269 Or 399, 401, 525 P2d 130 (1974).

■ The questioned specification goes not to negligence in the selection of an insurer but to negligence in the selection of the policy irrespective of the identity of the insurer. By this allegation, plaintiff complains not of the act of changing insurance carriers (covered in part in specification four) but of the substance of the terms of the 1967 policy.

We fail to find evidence in this record which shows that the 1967 policy by its terms was deficient in protecting plaintiff from potential loss. According to the evidence, the 1967 Citizens policy provided for four times the maximum coverage of the prior 1966 CNA policy. If one assumes that the coverage of the 1966 policy was adequate "for the business activity and risk of the plaintiff," then the expanded protection of the 1967 policy would be more than sufficient. In contrast to the CNA policy of 1966, the 1967 policy covered prior errors so long as continuous E&O coverage was maintained with any carrier, not necessarily Citizens.[4]

It is clear then that the loss suffered by plaintiff was caused not by any error in selecting a particular amount or type of insurance in 1967 but in purchasing

---

[4] *See* footnotes 1 and 2, *supra.*

insurance from a company which ceased to offer insurance shortly after 1967. By the terms of the 1967 policy, had coverage with Citizens been available through 1972 and had plaintiff continued such coverage, it would have been reimbursed for the payment occasioned by its error.

Plaintiff contends in its brief that,

"* * * [I]t is clear that a jury question was presented whether or not defendant exercised reasonable care in switching policies in 1967, without fully explaining the possible consequences, and without allowing the insured * * * to determine whether or not he wanted to take such a risk of noncoverage."

While this may be true, we do not interpret the specification at issue to raise the question of switching. The allegation goes to the adequacy of the 1967 policy based upon the needs of plaintiff at that time.

Plaintiff notes that some testimony at trial suggests that there was a gap in insurance coverage between the expiration of the CNA policy on September 15, 1967, and the commencement of the Citizens policy on October 27, 1967. Plaintiff argues that errors committed during that period would not be covered by Citizens. If this is true and if defendants were negligent in selecting a policy which failed to provide for this risk, it does not aid plaintiff in this case. Such negligence was not the cause of any harm to plaintiff. Plaintiff was injured only by the lack of insurance coverage for its actions in June of 1968.

In some cases the refusal of a trial court to withdraw an unsupported specification of negligence can properly be held to be a harmless and nonprejudicial error. *Alvarez v. Great Northern Ry. Co., supra,* at 76. This case, however, presents a situation akin to the one explored in *Layne v. Portland Traction Co.,* 212 Or 658, 675, 319 P2d 884, 321 P2d 312 (1957), where it was held that an erroneous specification of negligence was submitted to the jury. We noted,

"The one which erroneously submitted to the jury the

plaintiff's charge that the defendant failed to maintain a lookout laid before the jury a basis of recovery upon which one or more of the jurors may have grounded his vote for the plaintiff. It is true, as indicated in a preceding paragraph, that the complaint averred other bases of liability, but the verdict was general and we cannot say that it was so clearly supported by the evidence upon issues as to which no error occurred that the trial court would have been justified in directing a similar verdict thereon. We believe that the errors were prejudicial and require reversals."

*See, also, Dormaier v. Jesse,* 230 Or 194, 198, 369 P2d 131 (1962).

For these reasons, we reverse and remand for a new trial.