Argued and submitted August 14, affirmed September 16, reconsideration denied by
opinion December 23, 1987. See 89 Or App 31 (1987)
Petition for review denied January 12, 1988 (305 Or 21)

BLANKENSHIP,
*Respondent,*

*v.*

UNION PACIFIC RAILROAD COMPANY,
*Appellant.*

(A8506 03654; CA A43143)

742 P2d 680

Austin W. Crowe, Jr., Portland, argued the cause for

appellant. On the briefs were Thomas W. Brown and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief was Thomas Schneiger, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the judgment for plaintiff in this FELA case, which is a companion to *Rea v. Union Pacific Railroad Co.,* 87 Or App 405, 742 P2d 678 (1987), and which involves essentially the same facts and claims. The principal difference between the two cases is that, here, defendant admitted in the trial court that it was negligent, that plaintiff had suffered a hearing loss and tinnitus and that its negligence was the sole cause of plaintiff's injuries. Hence, the only issues defendant did not concede are the nature and extent of plaintiff's injuries and the amount of damages.

■ As it does in *Rea v. Union Pacific Railroad Co., supra,* defendant assigns error to the playing to the jury of a videotape recording of retarder noise of the kind which caused plaintiff's hearing loss and tinnitus. Defendant also assigns as error, *inter alia,* the trial court's admission of the testimony of plaintiff and another witness about specific episodes of retarder noise to which plaintiff was exposed and admission of testimony relating to defendant's ear protection policies and measures. We held in *Rea* that the recording was admissible, because it was relevant to what caused the plaintiff's hearing loss and to whether and how he became afflicted with tinnitus. The recording and the other evidence relating to liability and causation were not admissible on that basis in this case, because those issues were not before the fact finder. Defendant is correct in arguing that that evidence was not relevant to any question of fact in the case and that its admission was error.

■ However, we conclude that the erroneously admitted evidence was not prejudicial and does not require reversal in this case.[1] Although defendant argues repeatedly and at some length that the evidence had the purpose and effect of blackening defendant in the jury's eyes, we think that the evidence did little if anything more than illustrate what defendant had admitted. Moreover, any prejudicial effect which the evidence might otherwise have had was dissipated by the court's careful definition of the issues which the jury was to consider. After

---

[1] As we noted in *Rea v. Union Pacific Railroad Co., supra,* 87 Or App at 407, n 1, the parties advise us that there are a large number of related cases pending in the circuit court. Whether similar errors would be harmless in other cases is, of course, a question which would depend on the context in which they occur.

informing the jury of what defendant had admitted, the court instructed:

> "[T]he issues before you are relatively simple. First, your determination as to what is the extent and nature of the Plaintiff's hearing loss and extent and nature of [his] tinnitus. After you make that determination, you will then decide what sum of money is a reasonable award to the Plaintiff for his damages."[2]

The admission of the evidence which these three assignments challenge was harmless error.

■    Defendant also assigns error to the court's refusal to give two requested instructions, the thrust of which was that plaintiff's damages for future pain and suffering should be reduced to present value. How such damages should be calculated in FELA cases is a question of federal law. *Geris v. Burlington Northern, Inc.,* 277 Or 381, 561 P2d 174 (1977). Defendant acknowledges that the majority view among the United States Circuit Courts of Appeals is contrary to its view and is that damages for future pain and suffering should not be computed on a present value basis. *See O'Byrne v. St. Louis Southwestern Ry. Co.,* 632 F2d 1285 (5th Cir 1980); *Flanigan v. Burlington Northern Inc.,* 632 F2d 880 (8th Cir 1980), *cert den* 450 US 921 (1981); *Taylor v. Denver and Rio Grande Western Railroad Co.,* 438 F2d 351 (10th Cir 1971). However, defendant urges us to adopt the minority view expressed in *DeChico v. Metro-North Commuter R.R.,* 758 F2d 856 (2nd Cir 1985), as better reasoned and, also, as more consonant with the general policy pertaining to the reduction to present value of other kinds of prospective damages.

There is no controlling United States or Oregon Supreme Court decision on the question. That being so, it is clearly within the *authority* of this court to adopt either position on the federal question, and we are not bound by what the majority of federal (or state) courts have held. It is also clear that, in deciding what the federal law is, the fact that a decided

---

[2] The court later instructed:

> "[I]n considering damages in this case, you must first determine each of the items of Plaintiff's damages, * * * *provided you find that they have been suffered by him as a result of the Defendant's negligence* * * *." (Emphasis supplied.)

Neither party attributes error to the emphasized language.

preponderance of federal courts have taken one view rather than the other is a relevant consideration in itself, along with but independently of the persuasiveness of the reasoning which supports the two views. *See Geris v. Burlington Northern, Inc., supra.* Moreover, the rationale for each view on this question are at least comparably persuasive, and perhaps equally so. The majority view is based on the fact that the degree and timing of a plaintiff's future pain and suffering are so variable, unpredictable and unquantifiable that they are far less susceptible to a present value adjustment, either mechanically or as a realistic measure of compensation, than are damages for prospective pecuniary losses.[3] The rationale for the minority view is that all damages for prospective losses, regardless of their nature, should be equally subject to a "use of the money" adjustment, so that current awards will provide no more than actual compensation as of the time the injury is suffered. We accept the rule which the majority of the federal circuits have adopted, and we therefore hold that the trial court did not err by refusing to give the requested instructions.

Defendant's other assignments do not require discussion.

Affirmed.

---

[3] The court explained in *Chicago & N. W. Ry. Co. v. Candler,* 283 F 881, 884 (8th Cir 1922), that, unlike future pecuniary losses, "[i]n the matter of pain, suffering, or inconvenience, no books are kept, no inventories made, no balances struck."