Argued and submitted August 14, affirmed September 16, reconsideration denied December 11, 1987, petition for review denied January 6, 1988 (304 Or 680)

**REA,**
*Respondent,*

*v.*

## UNION PACIFIC RAILROAD COMPANY,
*Appellant.*

(A8406 03370; CA A42807)

742 P2d 678

Austin W. Crowe, Jr., Portland, argued the cause for appellant. On the briefs were Thomas W. Brown and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief were Thomas Schnieger and Monte Bricker, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the trial court's judgment for plaintiff in this action under the Federal Employers Liability Act, 45 USC § 51 (FELA). Plaintiff was employed by defendant at its yard in Hinkle, Oregon. He alleges that he has suffered a hearing loss and tinnitus due to repeated exposure to the shrill, loud noise emitted when railway cars are rolled or pulled through retarders in the yard. Through its answer and its in-court admissions, defendant agreed that it was negligent, that some of plaintiff's hearing loss was caused by the retarder noise and "that loud sounds such as the retarder *can* cause tinnitus." (Emphasis supplied.) Defendant did not admit that plaintiff *does* suffer tinnitus, and it asserts that plaintiff's hearing loss was due in part to other causes as well as the retarder noise.

Defendant assigns 13 errors, one of which it has withdrawn. Nine of the remaining 12 relate to the trial court's admission of evidence proffered by plaintiff and the other three to the court's denial of defendant's mistrial motions. There is little merit to any of the assignments. Several of them are predicated on defendant's understanding that evidence was admitted which tended to prove liability or misconduct on defendant's part and that such evidence should not have been received, because fault was admitted and the only "issues in this case were ones of medical, scientific or audiological causation." We do not agree that defendant's admissions narrowed the relevant factual considerations to the extent that defendant suggests. Defendant did not admit that plaintiff suffered from tinnitus at all, and our understanding of its concession is that it left the fact finder free to find that much or most of the hearing loss was caused by things other than retarder noise. The fact that defendant admitted fault did not make evidence which was probative of fault inadmissible if it was also relevant to the cause of plaintiff's hearing loss and to whether and why he has tinnitus. We will discuss one of defendant's specific assignments to illustrate why we do not agree with its understanding about the effect that its admissions had on what issues were in the case and what evidence was relevant to them.[1]

---

[1] We also discuss that assignment because, the parties give us to understand, there are many related cases pending in the circuit court, and the assignment relates to an issue which many of the cases may have in common. *See Blankenship v. Union Pacific Railroad Co.,* 87 Or App 410, 742 P2d 680 (1987).

■     Plaintiff introduced a videotape with a recording of the retarder noise. That recording was played for the jury. Defendant assigns error to its admission and argues:

"Defendant admitted that the retarders emitted extremely loud sounds and that those sounds caused, in part, plaintiff's hearing loss and could cause tinnitus. Thus, as noted, the only issues in dispute were ones of *medical, scientific or audiological causation,* which were necessarily the subject of expert testimony. More particularly, it was for the various experts to determine, based upon knowledge and understanding of the frequency and [decibel] levels of defendant's retarders, and the auditory effects of those factors, whether all or part of plaintiff's hearing loss was defendant's responsibility, whether plaintiff had tinnitus and if so, whether his tinnitus was in whole or in part defendant's responsibility. Presentation of the retarder sounds to the jury could not in any way have made those facts of consequence more or less probable than it would be without the evidence. Therefore, the evidence should have been excluded.

"Defendant has not located any case on point. What plaintiff in essence obtained was a sensory reproduction of the *tortious conduct* or *event* in the courtroom. Thus, under plaintiff's rationale, a jury in an automobile accident case would need to be physically exposed to the exact impact in order to determine whether all or part of plaintiff's injuries were accident related or related to other possible causes. In an assault case, each juror would have to be subjected to the same physical blows as the plaintiff to determine whether plaintiff's complaints were caused by such contact. In a slip and fall case, each juror would need to 'relive' plaintiff's fall in order to properly determine whether alleged injuries were accident related." (Emphasis defendant's.)

We do not share defendant's view that the need for expert testimony concerning the causal effects of an event means that direct evidence that the event occurred is irrelevant to causation or is cumulative. It may be that playing the recording to the jury would not have been *sufficient* evidence of causation without expert testimony. However, the converse is not correct. Plaintiff was entitled to present evidence of what happened as well as presenting expert evidence analyzing the effects of what happened.

Defendant's argument that playing the recording is analogous to abusing the jurors physically in an assault case is

a *reductio ad absurdum.* It would be far more accurate to analogize the evidence to a photograph of an assault taken by a photographer who had caught the defendant in the act.

Defendant argues alternatively that the probative value of the recording was outweighed by its potential prejudicial effect. We disagree, and we reject its assignment concerning the playing of the recording. Its other assignments do not demonstrate reversible error and do not require further discussion.

Affirmed.