Argued and submitted May 26, 1987, affirmed January 13, reconsideration denied
March 25, petition for review denied April 18, 1988 (305 Or 576)

ARNOLD,
*Respondent,*

*v.*

BURLINGTON NORTHERN RAILROAD COMPANY,
*Appellant.*

(A8502-01021; CA A39775)

748 P2d 174

Robert E. Barton, Portland, argued the cause for appellant.

With him on the briefs was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief was Monte Bricker, Zig Zakovics and Bricker, Zakovics & Querin, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals a $1,900,375 judgment for plaintiff, its employe, in this action under the Federal Employer's Liability Act, 45 USC § 51 *et seq* (1976). We affirm.

Plaintiff suffered a traumatic amputation of both legs when a railroad car struck him while he was clearing snow from a switch in defendant's railroad yard. Defendant admitted liability. The issue was the amount of general damages. Plaintiff presented evidence of the cost of his future medical treatment and related services, loss of earning capacity and pain and suffering. The evidence included testimony that plaintiff's prosthetic legs would need to be replaced periodically, that he would never be able to live independently and that he would require future physical therapy, especially as he aged. He also showed a videotape of himself engaged in representative daily activities.

Defendant assigns as error that the court denied its motion, at the close of plaintiff's case, to strike plaintiff's claim for damages for future physical therapy. The principal evidence in support of the claim was the testimony of his vocational rehabilitation expert that plaintiff would need physical therapy indefinitely. Defendant asserts that the evidence of plaintiff's need for future physical therapy was insufficient because, like prescriptions or other medical treatment, the need must be established by expert medical testimony from a physician.

Defendant concedes that the vocational rehabilitation expert was qualified to testify to plaintiff's *need* for physical therapy, although he could not *prescribe* that treatment.[1] The extent of plaintiff's need for that treatment was the central issue. Plaintiff's treating physician did not testify that plaintiff would not require any physical therapy in the future. He testified that the frequency of plaintiff's physical therapy sessions could be reduced immediately and eventually stopped if plaintiff could maintain his physical condition and strength through exercises at home. There was, therefore, conflicting evidence as to the amount of physical therapy that plaintiff

---

[1] Defendant cites no cases which hold that a vocational rehabilitation expert is incompetent to testify to the need for physical therapy. *See Annots.,* 69 ALR 2d 1261 (1960); 45 ALR 2d 1148 (1956).

would need in the future. The court did not err when it denied defendant's motion. *See Martin Engineering v. Opton,* 277 Or 291, 295-96, 560 P2d 617 (1977).

■    Defendant assigns as error that the court did not give defendant's requested jury instruction to reduce to present value plaintiff's damages for future pain and suffering.[2] The court did not err. The damages should not be so reduced. *Blankenship v. Union Pacific Railroad Co.,* 87 Or App 410, 414, 742 P2d 680, *recon den by opinion* 89 Or App 31, 747 P2d 369 (1987).

■ ■    Finally, defendant assigns as error that the court, over defendant's objection, admitted in evidence a videotape that showed plaintiff doing supposedly representative daily activities. It was not a film of an actual day in plaintiff's life. It was 27 minutes long and was shown in three segments without a sound track. In it, plaintiff put on his prosthetic legs, drove his specially equipped truck, fell, grimaced with pain and crossed a street while the pedestrian light changed. Between each segment, plaintiff testified to what had been shown in the film and to the frequency of the occurrences. Defendant contends that the film is non-verbal hearsay, selective, self-serving and cumulative and that its prejudicial impact outweighed its probative value. OEC 403.

It is not hearsay. It is demonstrative evidence that plaintiff offered to illustrate and supplement his testimony. He testified to its accuracy, and he was subject to cross-examination.

Although the videotape was selective and self-serving, much relevant evidence is of that character. It was cumulative to some extent, because it depicted events to which plaintiff and other witnesses testified; however, it also communicated to the jury effectively, and perhaps better than words could do, what plaintiff's life as a double amputee was like.

---

[2] The requested instruction provided:

"In making any award for any damage or loss which you find will be incurred in the future, you must take into account the fact that the money awarded by you is being received all at one time instead of over a period of time extending into the future and that plaintiff will have the use of this money in a lump sum. You must, therefore, determine the present value or present worth of the money which you award for such future loss."

The trial court believed that the probative value of the film—its ability to illustrate graphically the impact of plaintiff's injuries on his life—outweighed its prejudicial value—the danger of eliciting undue sympathy for the plaintiff. We review for abuse of discretion. *See Carter v. Moberly,* 263 Or 193, 200, 501 P2d 1276 (1972); *Pooschke v. U.P. Railroad,* 246 Or 633, 642, 426 P2d 866 (1967). We find none.

Affirmed.