Argued and submitted April 18, reversed and remanded for reconsideration
November 8, 1995

## Sarla DEVI,
*Petitioner,*

*v.*

## SENIOR AND DISABLED
## SERVICES DIVISION,
*Respondent.*

(6-0611-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; CA A85332)

905 P2d 846

James F. Young argued the cause for petitioner. With him on the brief was Oregon Legal Services Corporation.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Petitioner seeks review of a Reconsideration Order of the Senior and Disabled Services Division (SDSD) affirming a Final Order denying petitioner food stamp benefits. We reverse and remand.

■        The facts are undisputed. Petitioner received food stamp benefits from May 1, 1983, to March 31, 1986. On June 24, 1986, petitioner signed a "waiver agreement," in which she admitted that she had received more benefits than she was entitled to receive and waived the right to contest the imposition of the penalty of disqualification from receipt of food stamp benefits for six months. She executed a confession of judgment and agreement to repay the amount of the overpayment. She was, at that time, not eligible for food stamp benefits.

On December 29, 1993, petitioner applied for food stamp benefits. SDSD denied benefits on the basis of OAR 461-195-580(5), which provides that

> "[i]f the client is not eligible for benefits when the disqualification period is to begin, the disqualification period is postponed until the individual applies again and is determined eligible for benefits."

That administrative rule is based on federal regulations promulgated by the Secretary of Agriculture to implement the federal Food Stamp Act:

> "The disqualification period for nonparticipants at the time of the administrative disqualification or court decision shall be deferred until the individual applies for and is determined eligible for Program benefits."

7 CFR § 273.16(a)(1). According to SDSD, under the foregoing regulations, petitioner's penalty of six months' disqualification did not begin to run until she next applied for food stamps, in December 1993.

Petitioner assigns error to the denial of benefits, arguing that the SDSD decision, and the regulations on which it is based, are contrary to the Food Stamp Act, which provides that

> "(1)   Any person who has been found by any State or Federal court or administrative agency to have intentionally

(A) made a false or misleading statement, or misrepresented, concealed or withheld facts * * * for the purpose of using, presenting, transferring, acquiring, receiving, or possessing coupons or authorization cards shall, *immediately upon the rendering of such determination, become ineligible* for further participation in the program —

"(i)   for a period of six months upon the first occasion of any determination;

"* * * * *

"(3)   Such periods of ineligibility as are provided in paragraph (1) of this subsection shall remain in effect, without the possibility of administrative stay, unless and until the finding upon which eligibility is based is subsequently reversed by a court of appropriate jurisdiction, but in no event shall the period of ineligibility be subject to review."

7 USC § 2015(b). (Emphasis supplied.) Petitioner argues that the statute plainly requires that the six-month period of ineligibility begin "immediately upon the rendering of such determination" of ineligibility, and that there is no statutory authority for the postponement of the period of ineligibility. SDSD argues that petitioner's proposed construction of the Food Stamp Act is contrary to the purpose of the Act, because it would result in the imposition of a penalty of disqualification on persons who are not qualified to receive benefits in the first place. In such cases, SDSD argues, the penalty would not have its intended deterrent effect.

In *Garcia v. Concannon*, 67 F3d 256 (9th Cir 1995), the Court of Appeals for the Ninth Circuit rejected the very same arguments SDSD proposes in this case. In that case, the plaintiffs challenged the validity of both OAR 461-195-580(5) and 7 CFR § 273.16(a)(1) on the same basis as petitioner's challenge in this case. SDSD and the Secretary of Agriculture argued that their respective regulations were consistent with the deterrent purposes of the Food Stamp Act. The court rejected those arguments on four grounds and declared the state and federal regulations invalid.

First, the court noted that the "plain language" of 7 USC § 2015(b) requires that the period of disqualification be imposed "immediately" upon the rendering of such determination that an individual has made false or misleading statements for the purpose of receiving benefits. *Garcia*, 67

F3d at 258-59. Second, the court observed that legislative history reveals that among the purposes of the Food Stamp Act were simplification of administration and prompt punishment of violators. The court held that the challenged state and federal regulations failed to achieve either purpose, because they suspended the imposition of penalties for indefinite periods of time. *Id.* at 258-59. To SDSD's argument that deterrence is thwarted by imposing a penalty of disqualification when an individual is not qualified, the court responded that

"a period of immediate, mandatory disqualification serves as a real deterrent for a person who considers committing fraud, but who does not know what the next six months might bring in terms of eligibility. When analyzing whether a statutory scheme will achieve deterrence, the relevant question is not * * * how much punishment violators will actually suffer after committing fraud, but rather what punishment potential violators will consider when deciding whether to commit fraud."

*Id.* at 259. Third, the court noted that SDSD's argument that the penalty of disqualification should apply only to individuals otherwise eligible for benefits is undermined by the fact that an earlier version of the federal law contained just such language, and the 1981 amendments that produced the current version of the Food Stamp Act eliminated that language. Finally, the court relied on legislative history suggesting that Congress was aware that, with those changes in the language of the statute, some violators would fall outside the ambit of the statutory penalties. *Id.* at 259.

We are not bound by decisions of the federal courts of appeals on issues of federal law unresolved by the United States Supreme Court. *Beason v. Harcleroad*, 105 Or App 376, 380, 805 P2d 700 (1991); *Blankenship v. Union Pacific Railroad Co.*, 87 Or App 410, 413, 742 P2d 680, *on recon* 89 Or App 31, 747 P2d 369 (1987), *rev den* 305 Or 21 (1988). Nevertheless, we give those courts' decisions due regard. On our independent review of the issues presented, we find the reasoning of the court's decision in *Garcia* persuasive, and, for the reasons set out in that decision, conclude that SDSD erred in denying benefits to petitioner in this case.

Reversed and remanded for reconsideration.