Ada M. MARTIN; Harold L. Martin, Plaintiffs–Appellants,

v.

TELECTRONICS PACING SYSTEMS, INC., et al., Defendants–Appellees.

No. 94–4003.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 10, 1995.

Decided Nov. 20, 1995.

---

11. *Devore v. Commissioner,* 963 F.2d 280, 282 (9th Cir.1992).

12. *See, e.g., Tweeddale v. Commissioner,* 841 F.2d 643, 646 (5th Cir.1988).

Frank A. Ray (argued and briefed), Ray, Todaro & Alton, Columbus, OH, Terry L. Kilgore (briefed), Columbus, OH, for Plaintiffs-Appellants.

David C. Greer (briefed), Howard P. Krisher, Bieser, Greer & Landis, Dayton, OH, Michael J. Weber (argued), James A. Gale, Feldman, Gale & Weber, Miami, FL, for Defendants-Appellees.

Before: KENNEDY and MOORE, Circuit Judges; JOHNSTONE,* District Judge.

KENNEDY, Circuit Judge.

Plaintiffs, Ada and Harold Martin, appeal from a grant of summary judgment for defendants in this diversity action alleging state product liability and related tort claims arising out of the implantation of an experimental medical device. The District Court held that federal law preempted plaintiffs' claims. Plaintiffs appeal this decision and also argue in the alternative that if their claims are preempted, it is a violation of their Seventh Amendment right to a jury trial. We disagree, and for the following reasons AFFIRM the decision of the District Court.

## I.

Medical devices intended for human use are heavily regulated by the Food and Drug Administration pursuant to the Medical Device Amendments to the Food, Drug and Cosmetics Act ("MDA"), 21 U.S.C. § 360c. In order "to encourage, to the extent consistent with the protection of public health and safety and with ethical standards, the discovery and development of useful devices intended for human use," the MDA exempts certain "investigational devices" from FDA performance standards and premarket approval. 21 U.S.C. § 360j(g).[1] Investigation-

---

* The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation.

1. Were it not for its investigational status, the product at issue would have been regulated as a Class III medical device. *See* 21 C.F.R. §§ 870.3610, 870.3680, 870.5300.

al devices are instead subject to a different set of complex and comprehensive regulations. *See, e.g.,* 21 U.S.C. § 360j(g)(3); 21 C.F.R. §§ 812.20, 812.25, 812.27.

The Telectronics Guardian ATP 4210 Implantable Cardioverter–Defibrillator–Demand Pacemaker ("device") is an investigational medical device not yet approved by the FDA for general release to the marketplace. It combines the functions of a defibrillator, a cardioverter, and a pacemaker. The device is implanted into the patient's body and generates electrical shocks, when necessary, to maintain a normal heart rhythm.

On the morning of March 31, 1992, plaintiff Ada Martin signed a form consenting to implantation of the device to correct a heart ailment. Later that day, doctors at the Ohio State University Hospitals implanted the device into Ada Martin's chest. Plaintiffs claim that the device began to malfunction sometime after the operation and was therefore replaced in a subsequent operation on November 19, 1992. As a result of the alleged malfunction of the device, plaintiffs claim that they have suffered $500,000 in damages.

Plaintiffs allege five causes of action under Ohio products liability law, Ohio Rev.Code §§ 2307.74–.78. Specifically, the complaint alleges that the defendant (1) defectively manufactured the device; (2) defectively designed the device; (3) failed to adequately warn plaintiffs; (4) failed to conform to certain unidentified "express representations"; and (5) supplied the device in question to plaintiffs. Ada Martin's spouse also pleaded a derivative common-law tort claim alleging that he suffered loss of consortium and companionship as a result of defendant's conduct.

Defendant filed for summary judgment on these claims arguing that they were preempted by MDA § 360k(a).[2] In re-

sponse, plaintiffs sought a declaration that their state claims were not preempted. In a series of two opinions and orders, the District Court granted defendant's motion, holding that § 360k(a) preempted plaintiffs' claims. Plaintiffs now appeal, arguing that the District Court erred in holding that their claims were preempted and, alternatively, that if their claims are preempted, the MDA violates their Seventh Amendment right to a jury trial.[3]

## II.

The issue raised by plaintiffs' first argument is whether MDA § 360k(a) preempts their state law products liability and derivative state common-law claims. Several courts of appeals have previously addressed this question and have held similar state law claims preempted. *See Mitchell v. Collagen Corp.,* 67 F.3d 1268 (7th Cir. 1995); *Duvall v. Bristol–Myers–Squibb Co.,* 65 F.3d 392 (4th Cir.1995); *Talbott v. C.R. Bard, Inc.,* 63 F.3d 25 (1st Cir.1995); *Martello v. Ciba Vision Corp.,* 42 F.3d 1167 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995); *Gile v. Optical Radiation Corp.,* 22 F.3d 540 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 429, 130 L.Ed.2d 342 (1994); *Duncan v. Iolab Corp.,* 12 F.3d 194 (11th Cir.1994); *Stamps v. Collagen Corp.,* 984 F.2d 1416 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993). *But see Kennedy v. Collagen Corp.,* 67 F.3d 1453 (9th Cir. 1995) (holding state law claims not preempted where FDA had established no specific requirements unique to the Class III medical device at issue). We now join the majority of circuits and hold that § 360k(a) of the MDA expressly preempts plaintiffs' state law product liability claims.

---

**2.** This section states, in relevant part:

  [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—
    (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
    (2) which relates to the safety or effectiveness of the device or to any other matter

included in a requirement applicable to the device under this chapter.
  21 U.S.C. § 360k(a).

**3.** Appellants also raise a Fifth Amendment substantive due process argument. However, this argument was not raised before the District Court and it has therefore been waived. *Brickner v. Voinovich,* 977 F.2d 235, 238 (6th Cir. 1992), *cert. denied,* —— U.S.——, 113 S.Ct. 2965, 125 L.Ed.2d 665 (1993).

■ There is disagreement as to whether this section also preempts claims for breach of an express warranty. *Compare King v. Collagen Corp.*, 983 F.2d 1130, 1135 (1st Cir.) (holding express warranty claims preempted), *cert. denied,* —— U.S. ——, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993) *and Duvall,* 65 F.3d at 400–01 (holding express warranty claims based on FDA-mandated labeling, packaging, or advertising preempted) *with Michael v. Shiley, Inc.,* 46 F.3d 1316, 1327 (3rd Cir.) (holding express warranty claims not preempted), *cert. denied,* —— U.S. ——, 116 S.Ct. 67, 133 L.Ed.2d 29 (1995) *and Mitchell,* 67 F.3d at 1284–85 (following *Michael*). We conclude that, in the context of investigational devices, express warranty claims are also preempted.

Express representations made about investigational devices are subject to comprehensive FDA regulation. For example, 21 C.F.R. § 812.5 mandates the contents of investigational device labels; § 812.7 prevents the commercialization and promotion of investigational devices, and prohibits any representation that "an investigational device is safe or effective for the purposes for which it is being investigated"; and § 812.25(f) requires submission of all investigational device labeling to the FDA for approval. Thus, the representations that can, cannot, and must be made about an investigational device are all determined by the FDA.

Plaintiffs' advance an express warranty claim under state law of "nonconformance to express representations concerning the character, quality, and/or safety of the device." Because such a claim would, in effect, impose a requirement "different from or in addition to" an FDA regulation "which relates to the safety or effectiveness of the device," we hold that it is preempted by § 360k(a). *See Duvall,* 65 F.3d at 400–01; *King,* 983 F.2d at 1135. *See also Talbott,* 63 F.3d at 31 (reaffirming *King*).

We now turn to plaintiff's unique Seventh Amendment claim.

### III.

The Seventh Amendment states, in relevant part: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved...." U.S. Const. amend. VII. Plaintiffs interpret this to mean that the federal government cannot preempt a state tort remedy if it provides no analogous tort remedy at federal law "because tort claims trace their history in England to a date prior to 1791 and Congress, therefore, has no authority to prohibit the cause from being considered by a jury."

■ We disagree. Nothing in its text or history indicates that the Seventh Amendment protects the existence of certain common-law causes of action. The Seventh Amendment protects a litigant's right to a jury trial where there exists a cause of action at common law, or one analogous thereto, for legal relief, where the amount in controversy exceeds twenty dollars. *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987). Here, as plaintiffs' causes of action have been preempted by federal law, they have no "suit[ ] at common law" and the Seventh Amendment's guarantees are not implicated. We agree with the Ninth Circuit, which addressed this issue in the context of ERISA's preemption of state common-law causes of action:

> Congress surely can preempt a state cause of action, be it legal or equitable: This is the very nature of federal supremacy. Once Congress has chosen to preempt the state claim, it's free to give affected individuals a full federal claim, a claim providing only for remedies limited to equity, a damages claim only, or no claim at all. The Seventh Amendment, again, does not stand in the way.

*Spinelli v. Gaughan,* 12 F.3d 853, 858 (9th Cir.1993) (footnote omitted). Accordingly, plaintiffs' Seventh Amendment claim must fail.

### IV.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.