Submitted on appellant's motion for reconsideration filed November 17, 1995, reconsideration allowed; request for rehearing denied and opinion (137 Or App 390, 905 P2d 1154) adhered to January 3, 1996

Janice M. MEARS,
*Appellant,*

*v.*

William R. MARSHALL, M.D.,
and Collagen Corporation,
*Respondents.*

(9307-04839; CA A85078)

909 P2d 212

Maureen Leonard and Kathryn H. Clarke for petition.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff moves for reconsideration of our decision in *Mears v. Marshall*, 137 Or App 390, 905 P2d 1154 (1995), in which we held that plaintiff's common law and tort claims against the manufacturer of a medical device were preempted by the Medical Device Amendments (MDA) of 1976 to the Food, Drug and Cosmetics Act, 21 USC § 301 *et seq*. We allow reconsideration but deny plaintiff's request for rehearing in banc and adhere to our opinion.

On October 19, 1995, plaintiff submitted a memorandum of supplemental authorities to inform us that on October 17, 1995, the Ninth Circuit Court of Appeals had issued an opinion holding that the MDA does not preempt state common law and tort claims involving the same medical device at issue in *Mears*. *Kennedy v. Collagen Corp.*, 67 F3d 1453 (9th Cir 1995). Because our opinion, which was issued on October 25, 1995, does not mention *Kennedy*, plaintiff surmises that we failed to consider it. That is incorrect. We considered the *Kennedy* decision carefully before releasing our opinion and have allowed plaintiff's motion for reconsideration to make it clear that nothing in *Kennedy* persuades us to alter our opinion.

██ We are not bound by the Ninth Circuit's decisions on federal questions that are unresolved by the United States Supreme Court. *Beason v. Harcleroad*, 105 Or App 376, 382, 805 P2d 700 (1991). We consider decisions by all lower federal courts, including the Ninth Circuit, as persuasive authority but employ an independent analysis to reach our own conclusion. *Id.*; *see also Blankenship v. Union Pacific Railroad Co.*, 87 Or App 410, 413-14, 742 P2d 680 (1987), *rev den* 305 Or 21 (1988) (independent analysis of federal question despite a majority view among federal courts that have considered the federal question). We are unpersuaded by the Ninth Circuit's analysis in *Kennedy*. We also note that the preemption analysis presented in *Kennedy* has subsequently been rejected in *Martin v. Telectronics Pacing Systems, Inc.*, 70 F3d 39 (6th Cir 1995), in which the Sixth Circuit joined the First, Third, Fourth, Fifth, Seventh, Eighth and Eleventh Circuits in holding that state common law and tort claims may be preempted by the MDA.

■ Plaintiff also argues that our opinion relies on *dictum* in *Anguiano v. E.I. DuPont De Nemours & Co., Inc.*, 44 F3d 806, 809 (9th Cir 1995), which was repudiated in *Kennedy*. *See Kennedy*, 67 F3d at 1457 n 1 (*dictum* in *Anguiano* that Congress intended that MDA preempt state tort law was "either overbroad or not intended to be taken literally," but in any event was incorrect). Plaintiff is mistaken. We mentioned the *dictum* in *Anguiano* in a footnote merely to point out that the Ninth Circuit had approvingly cited cases from the First and Fifth Circuits. *Mears*, 137 Or App at 399 n 6. We neither relied on *Anguiano* nor considered ourselves bound by the cases it cited to reach our conclusion.

Plaintiff also argues that we erred in our interpretation of the express preemption provision of the MDA, 21 USC § 360k, because Congress cannot preempt state tort law or common law claims and at the same time fail to provide a substitute civil remedy without violating the Tenth Amendment to the United States Constitution. That issue was not argued to the trial court, nor was it presented by plaintiff on appeal. *See* ORAP 5.45 (assignments of error must be matter preserved in the lower court and set out in the opening brief). A motion for reconsideration is not the proper vehicle for making an argument for the first time. *Frogge v. U S West Communications, Inc.*, 124 Or App 669, 670, 863 P2d 1313 (1993), *rev den* 319 Or 36 (1994).

Reconsideration allowed; request for rehearing in banc denied and opinion adhered to.